IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER BRITT, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiff | ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| CLALLAM COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a OLYMPIC MEDICAL CENTER, a Washington Municipal Corporation, | FLSA Collective Action Rule 23 Class Action |
| Defendant. | |

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

SUMMARY

1.     Jennifer Britt ("Britt") brings this class and collective action to recover unpaid wages and damages from Clallam County Public Hospital District No. 2 d/b/a Olympic Medical Center ("Olympic").

2.     Britt worked for Olympic as a Certified Medical Coder in Port Angeles, Washington.

3.     Like the Putative Class Members (as defined below), Britt regularly works more than 40 hours in a workweek.

4.     But Olympic does not pay them for all the hours they work.

ORIGINAL COMPLAINT - 1

5.      Instead, Olympic automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

6.      Britt and the Putative Class Members are thus not paid for that time.

7.      But Olympic fails to provide Britt and the Putative Class Members with *bona fide* meal breaks.

8.      Instead, Olympic requires Britt and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

9.      Olympic's auto-deduction policy violates the Fair Labor Standards Act ("FLSA"), the Washington Minimum Wage Act ("WMWA"), and the Washington Wage Rebate Act ("WWRA") by depriving Britt and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

10.     Similarly, Olympic also subjects Britt and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

11.     Like Olympic's auto-deduction meal break policy, Olympic's uniform rounding policy violates the FLSA, WMWA, and WWRA by depriving Britt and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

JURISDICTION & VENUE

12.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

ORIGINAL COMPLAINT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

14.     This Court has general personal jurisdiction over Olympic because Olympic is a domestic municipal corporation.

15.     Venue is proper because Olympic maintains its headquarters in Port Angeles, Washington, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

PARTIES

16.     Britt worked for Olympic as a Certified Medical Coder in Port Angeles, Washington from approximately August 2017 until August 2022.

17.     Throughout her employment, Olympic classified Britt as non-exempt and paid her on an hourly basis.

18.     But Olympic subjected Britt to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

19.     Likewise, throughout her employment, Olympic subjected Britt to its common practice of automatically rounding her recorded time punches to the nearest 15-minute increment to Olympic's primary benefit.

20.     Britt's written consent is attached as Exhibit 1.

21.     Britt brings this action on behalf of herself and other similarly situated hourly, non-exempt Olympic employees who were subject to (1) Olympic's automatic meal break deduction policy and/or (2) Olympic's automatic rounding policy.

22.     Olympic automatically deducts 30 minutes/shifts from all of these employees' recorded hours worked for so-called "meal breaks."

23.     But Olympic uniformly requires all of these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

24.     Olympic also automatically rounds all of these employees' recorded time punches to the nearest 15-minute increment to Olympic's – not the employees' – primary benefit.

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

25. The FLSA Collective of similarly situated employees is defined as:

All hourly, non-exempt Olympic employees who were subject to (1) Olympic's automatic meal break deduction policy and/or (2) Olympic's automatic rounding policy at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").

26. Britt also seeks to represent such a class under the WMWA and WWRA pursuant to FED. R. CIV. P. 23.

27. The Washington Class of similarly situated employees is defined as:

All hourly, non-exempt Olympic employees who were subject to (1) Olympic's automatic meal break deduction policy and/or (2) Olympic's automatic rounding policy while working in Washington at any time during the past 3 years ("Washington Class Members" or "Washington Class").

28. The FLSA Collective Members and Washington Class Members are collectively referred to as the "Putative Class Members" or "Putative Class."

29. Olympic is a Washington municipal corporation and public hospital district of Washington State authorized to provide healthcare services in Clallam County, Washington.

30. Olympic maintains its headquarters in Port Angeles, Washington.

31. Olympic may be served with process by serving its officers, directors, managing agents, or general agents at 939 Caroline Street, Port Angeles, Washington 98362.

COVERAGE UNDER THE FLSA

32. At all relevant times, Olympic was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times, Olympic, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

ORIGINAL COMPLAINT - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

34.     At all relevant times, Olympic was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because Olympic, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

35.     At all relevant times, Olympic has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

36.     At all relevant times, Olympic has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as medical tools, personal protective equipment, computers, and cell phones.

37.     At all relevant times, Britt and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce.

38.     Olympic uniformly deducted 30 minutes/shift from Britt and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

39.     Likewise, Olympic also automatically rounds all of these employees' recorded time punches to the nearest 15-minute increment to Olympic's – not the employees' – primary benefit.

40.     As a result, Olympic failed to pay Britt and the FLSA Collective Members for all their compensable work, including overtime wages, in violation of the FLSA.

41.     Olympic's automatic meal break deduction policy and automatic rounding policy, which deprive Britt and the FLSA Collective Members of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

ORIGINAL COMPLAINT - 5

THE FACTS

42.    Olympic "is a partner in health, wellness, and healing" that serves the "[r]esidents of the North Olympic Peninsula."[1]

43.    Olympic bills itself as the "largest employer in Clallam County [that] … employs more than 1,550 people."[2]

44.    Olympic employs workers, including Britt and the Putative Class Members, to work at its healthcare facilities.

45.    Olympic uniformly classifies these employees as non-exempt and pays them on an hourly basis.

46.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices.

47.    For example, Britt worked for Olympic as a Certified Medical Coder in Port Angeles, Washington from approximately August 2017 until August 2022.

48.    As a Certified Medical Coder, Britt's primary responsibilities included reviewing patient charts and treatment notes to ensure bill codes were correctly entered into Olympic's systems.

49.    Throughout her employment, Olympic classified Britt as non-exempt and paid her on an hourly basis.

50.    Throughout her employment, Olympic subjected Britt to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

---

[1] https://www.olympicmedical.org/about-us/ (last visited April 17, 2023).

[2] *Id.*

ORIGINAL COMPLAINT - 6

51.    Throughout her employment, Olympic subjected Britt to its common practice of automatically rounding her recorded time punches to the nearest 15-minute increment for Olympic's primary benefit.

52.    Britt and the Putative Class Members performed their jobs under Olympic's supervision, and using materials, equipment, and technology approved and supplied by Olympic.

53.    Olympic requires Britt and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

54.    At the end of each pay period, Britt and the Putative Class Members received wages from Olympic that were determined by common systems and methods that Olympic selected and controlled.

55.    Olympic requires its hourly, non-exempt employees, including Britt and the Putative Class Members, to record their hours worked using Olympic's timeclock system.

56.    Further, Olympic subjects its hourly, non-exempt employees, including Britt and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

57.    Specifically, Olympic automatically deducts 30 minutes from Britt's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

58.    But Olympic fails to provide Britt and the Putative Class Members with *bona fide* meal periods.

59.    Instead, Olympic requires Britt and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

ORIGINAL COMPLAINT - 7

60.    This unpaid time is compensable under the FLSA and/or WMWA because Olympic knew, or should have known, that (1) Britt and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 20 consecutive minutes.

61.    Olympic failed to exercise its duty to ensure Britt and the Putative Class Members were not performing work that Olympic did not want performed during their unpaid "meal breaks."

62.    The unpaid time is also compensable under the WWRA because Olympic agreed to pay Britt and the Washington Class Members an hourly rate of pay for all time they worked, and Olympic failed to pay Britt and the Washington Meal Break Class Members all their earned wages.

63.    Despite accepting the benefits, Olympic did not pay Britt and the Putative Class Members for the compensable work they performed during their "meal breaks."

64.    Thus, under Olympic's uniform automatic meal break deduction policy, Britt and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA and WMWA.

65.    Likewise, under Olympic's uniform automatic meal break deduction policy, Britt and the Washington Meal Break Class Members are denied "straight time" pay (at their agreed hourly rates) for those on-duty "meal breaks" in workweeks in which they work fewer than 40 hours in violation of the WWRA.

66.    Olympic also subjects Britt and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

67.    Olympic's uniform rounding policy violates the FLSA and WMWA by depriving Britt and the Putative Class Members of overtime pay for all overtime hours worked because Olympic fails to include all work time in these employees' total hours worked.

ORIGINAL COMPLAINT - 8

68.     Likewise, Olympic's uniform rounding policy violates the WWRA by depriving Britt and the Washington Class Members of "straight time" pay (at their agreed hourly rates) for all hours worked up to 40 hours in a workweek because Olympic fails to include all work time in these employees' total hours worked.

69.     Olympic knows Britt and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Olympic expects and requires these employees to do so.

70.     But Olympic does not pay Britt and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA, WMWA, and/or WWRA.

71.     Britt worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

72.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

73.     Indeed, Olympic typically schedules Britt and the Putative Class Members to work 8- to 12-hour shifts for at least 5 days a week.

74.     And Britt and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

75.     As a result, Britt and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

76.     When Britt and the Putative Class Members worked more than 40 hours in a workweek, Olympic did not pay them premium overtime wages for all overtime hours worked because Olympic failed to include time these employees worked during their unpaid "meal breaks" in their total number of hours worked in a given workweek.

ORIGINAL COMPLAINT - 9

77.    Likewise, when Britt and the Washington Class Members worked fewer than 40 hours in a workweek, Olympic did not pay them "straight time" pay (at their agreed hourly rates) for all hours worked because Olympic failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

78.    Olympic knew, or should have known, it was subject to the FLSA and WMWA, including their respective overtime provisions.

79.    Olympic knew, or should have known, the FLSA and WMWA require it to pay employees, including Britt and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

80.    Olympic knew, or should have known, the WWRA requires it to pay employees, including Britt and the Washington Class Members wages at rates not less than those it agreed to pay such employees.

81.    Olympic knew, or should have known, Britt and the Putative Class Members worked more than 40 hours in a workweek.

82.    Olympic knew, or should have known, Britt and the Putative Class Members regularly worked during their unpaid meal breaks because Olympic expected and required them to do so.

83.    Olympic knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Britt and the Putative Class Members of pay, including overtime compensation, for all hours worked in violation of the FLSA, WMWA, and/or WWRA.

84.    Nonetheless, Olympic failed to pay Britt and the Putative Class Members overtime compensation for all hours these employees worked, including those worked in excess of 40 hours in a workweek.

ORIGINAL COMPLAINT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

85.    Likewise, Olympic failed to pay Britt and the Washington Class Members all their wages earned at the rates Olympic agreed to pay them for the work they performed for Olympic.

86.    Olympic's failure to pay Britt and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

CLASS & COLLECTIVE ACTION ALLEGATIONS

87.    Britt brings her claims as a class and collective action under § 216(b) of the FLSA and FED. R. CIV. P. 23.

88.    The Putative Class Members were uniformly victimized by Olympic's automatic meal break deduction policy and/or Olympic's automatic rounding policy, which are in willful violation of the FLSA, WMWA, and/or WWRA.

89.    Other Putative Class Members worked with Britt and indicated that they were paid in the same manner and were subject to Olympic's same illegal pay policies.

90.    Based on her experiences with Olympic, Britt is aware Olympic's illegal practices were imposed on the Putative Class Members.

91.    The Putative Class Members are similarly situated in all relevant respects.

92.    Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

93.    Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

94.    Rather, the Putative Classes are held together by Olympic's uniform automatic meal break deduction policy and Olympic's automatic rounding policy that systematically deprived Britt and the Putative Class Members of wages, including overtime pay, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

ORIGINAL COMPLAINT - 11

95.    The Washington Meal Break Class Members are similarly denied "straight time" pay (at their agreed hourly rates) when they worked fewer than 40 hours in a workweek.

96.    The Putative Class Members are similarly denied overtime compensation for all overtime hours worked when they work more than 40 hours in a workweek.

97.    The back wages owed to Britt and the Putative Class Members will be calculated using the same records and using the same formula.

98.    Britt's experiences are therefore typical of the experiences of the Putative Class Members.

99.    Britt has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

100.    Like each Putative Class Member, Britt has an interest in obtaining the unpaid wages owed under federal and/or state law.

101.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

102.    Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and Olympic will reap the unjust benefits of violating the FLSA, WMWA, and WWRA.

103.    Further, even if some of the Putative Class Members could afford individual litigation against Olympic, it would be unduly burdensome to the judicial system.

104.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

105.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

106.    Among the common questions of law and fact are:

ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

a.    Whether Olympic engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, WMWA, and/or WWRA;

b.    Whether Olympic's automatic meal break deduction policy deprived Britt and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, WMWA, and/or WWRA;

c.    Whether Olympic failed to pay Britt and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and WMWA;

d.    Whether Olympic failed to pay Britt and the Washington Meal Break Class Members "straight time" pay at their agreed hourly rates for all hours worked because Olympic failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the WWRA;

e.    Whether Olympic knew, or had reason to know, Britt and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA, WMWA, and WWRA;

f.    Whether Olympic engaged in a policy and practice of automatically rounding Britt and the Putative Class Members' recorded time punches to the neatest 15-minute increment;

g.    Whether Olympic's automatic rounding policy primarily benefited Olympic and not Britt and the Putative Class Members;

ORIGINAL COMPLAINT - 13

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

      h.     Whether Olympic's automatic rounding policy deprived Britt and the Putative Class Members of pay, including overtime wages, for all hours worked in violation of the FLSA, WMWA, and/or WWRA;

      i.     Whether Olympic's violations of the FLSA, WMWA, and/or WWRA resulted from a continuing course of conduct;

      j.     Whether Olympic's decision not to pay Britt and the Putative Class Members overtime compensation for all overtime hours worked was made in good faith;

      k.     Whether Olympic's decision not to pay Britt and the Washington Class Members all wages earned for all hours worked was made in good faith; and

      l.     Whether Olympic's violations of the FLSA, WMWA, and/or WWRA were willful.

107.    Britt and the Putative Class Members sustained damages arising out of Olympic's illegal and uniform employment policies.

108.    Britt knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

109.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Olympic's records, and there is no detraction from the common nucleus of liability facts.

110.    Therefore, the issue of damages does not preclude class or collective treatment.

111.    Olympic is liable under the WWRA for failing to pay Britt and the Washington Meal Break Class Members "straight time" pay (at their agreed hourly rates) for all hours worked when they work fewer than 40 hours in a workweek.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

112.    Olympic is liable under the FLSA and WMWA for failing to pay Britt and the Putative Class Members overtime compensation for all overtime hours worked when they work more than 40 hours in a workweek.

113.    Consistent with Olympic's illegal automatic meal break deduction and automatic rounding policies, Britt and the Washington Class Members were not paid "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

114.    Consistent with Olympic's illegal automatic meal break deduction and automatic rounding policies, Britt and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

115.    As part of its regular business practices, Olympic intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, WMWA, and/or WWRA with respect to Britt and the Putative Class Members.

116.    Olympic's illegal policies deprived Britt and the Putative Class Members of wages, including overtime compensation, which they are owed under federal and/or state law.

117.    There are many similarly situated FLSA Collective Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

118.    This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

119.    Those similarly situated employees are known to Olympic, are readily identifiable, and can be located through Olympic's records.

ORIGINAL COMPLAINT - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COUNT I
VIOLATIONS OF THE FLSA, 29 U.S.C. § 201, *ET SEQ.*
(FLSA COLLECTIVE)

120.    Britt realleges and incorporates all other paragraphs by reference.

121.    Britt brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

122.    Olympic violated, and is violating, the FLSA by failing to pay Britt and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

123.    Throughout the relevant period, Olympic expected and required Britt and the FLSA Collective Members to remain on-duty and be available to work during their unpaid meal breaks.

124.    Britt and the FLSA Collective Members have been harmed as a direct and proximate result of Olympic's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Olympic derived a direct and substantial benefit.

125.    Olympic knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Britt and the FLSA Collective Members overtime compensation for all overtime hours worked.

126.    Olympic's failure to pay Britt and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

127.    Accordingly, Britt and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

ORIGINAL COMPLAINT - 16

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

## Count II
### Violations of the WMWA, Rev. Code Wash. Ch. 49.46, *et seq.*
### (Washington Class)

128.    Britt realleges and incorporates all other paragraphs by reference.

129.    Britt brings her claim under the WMWA as a Rule 23 class action.

130.    The conduct alleged violates the WMWA, Rev. Code Wash. Ch. 49.46, *et seq.*

131.    At all relevant times, Olympic was subject to the requirements of the WMWA.

132.    At all relevant times, Olympic employed Britt and the Washington Class Members as "employees" within the meaning of the WMWA.

133.    The WMWA requires employers, like Olympic, to pay employees at a rate not less than 1.5 times their regular rate of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in any one workweek. *See* Rev. Code Wash. § 49.46.130

134.    Britt and the Washington Class Members are entitled to overtime pay under the WMWA.

135.    Olympic violated, and is violating, the WMWA by failing to pay Britt and the Washington Class Members overtime compensation for all hours worked in excess of 40 in a workweek. *See* Rev. Code Wash. § 49.46.130(1).

136.    Specifically, Olympic's automatic meal break deduction and automatic rounding policies violate the WMWA because they both deprive Britt and the Washington Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* Rev. Code Wash. § 49.46.130

137.    Accordingly, Britt and the Washington Class Members are entitled to recover their unpaid overtime wages (Rev. Code Wash. § 49.46.090), an equal amount as liquidated damages (Rev. Code Wash. § 49.52.070), attorney's fees and costs (Rev. Code Wash. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (Rev. Code Wash. § 19.52.020).

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1
2

<u>COUNT III</u>
VIOLATIONS OF THE WWRA, REV. CODE WASH. 49.52, *ET SEQ.*
(WASHINGTON CLASS)

3      138.    Britt realleges and incorporates all other paragraphs by reference.

4      139.    Britt brings her claim under the WWRA as a Rule 23 class action.

5      140.    The conduct alleged violates the WWRA, REV. CODE WASH. 49.52, *et seq.*

6      141.    At all relevant times, Olympic was subject to the requirements of the WWRA.

7
8      142.    At all relevant times, Olympic employed Britt and the Washington Class Members
as "employees" within the meaning of the WWRA.

9
10     143.    The WWRA prohibits employers, like Olympic, from depriving employees of "any
11 part of [their] wage" and from paying "any employee a lower wage than the wage such employer is
12 obligated to pay such employee by any statute, ordinance or contract." REV. CODE WASH. §
13 49.52.050.

14     144.    During the course of their employment, Olympic agreed to pay Britt and each
15 Washington Class Member an hourly rate for all hours worked under and up to 40 hours in a
16 workweek.

17
18     145.    Britt and each Washington Class Member accepted Olympic's offer.

19     146.    But during the course of their employment, Olympic failed to pay Britt and the
20 Washington Class Members for all time they worked at the rates Olympic agreed to pay them
21 because Olympic automatically deducted 30 minutes/shift from these employees' recorded hours
22 worked.

23     147.    Olympic violated, and is violating, the WWRA by failing to pay Britt and the
24 Washington Class Members all wages earned for all hours worked at the hourly rates Olympic agreed
25 to pay them for the work they performed. *See* REV. CODE WASH. § 49.52.050.

26
27

ORIGINAL COMPLAINT - 18

148.    Accordingly, Britt and the Washington Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates) plus an equal amount as liquidated damages (REV. CODE WASH. § 49.52.070), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

<u>COUNT IV</u>
FAILURE TO PROVIDE *BONA FIDE* MEAL BREAKS, WASH. ADMIN. CODE § 296-126-092
(WASHINGTON CLASS)

149.    Britt realleges and incorporates all other paragraphs by reference.

150.    Britt brings her meal break claims as a Rule 23 class action.

151.    The conduct alleged violates the meal break requirements of the Washington Administrative Code, WASH. ADMIN. CODE § 296-126-092

152.    At all relevant times, Olympic was subject to the requirements of the Washington Administrative Code.

153.    At all relevant times, Olympic employed Britt and the Washington Class Members as "employees" within the meaning of the Washington Administrative Code.

154.    WASH. ADMIN. CODE § 296-126-092 requires employers, like Olympic, to provide employees meal periods of at least 30 minutes which commence no less than two hours nor more than five hours from the beginning of the employee's shift.

155.    The WASH. ADMIN. CODE § 296-126-092 further mandates that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

156.    Throughout the relevant period, Olympic expected and required Britt and the Washington Class Members to be available to work during their unpaid meal breaks.

ORIGINAL COMPLAINT - 19

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

157.     Because Britt and the Washington Class Members were not relieved of all duties during their meal breaks but instead were subject to interruptions, Olympic violated, and continues to violate, WASH. ADMIN. CODE § 296-126-092 when it automatically deducts 30 minutes from these employees' recorded work time and wages when they work during meal periods that were not *bona fide*, continuous, and uninterrupted.

158.     Britt and the Washington Class Members have been harmed as a direct and proximate result of Olympic's unlawful conduct because they have been deprived of wages owed for work they performed and from which Olympic derived a direct and substantial benefit.

159.     Accordingly, Britt and the Washington Class Members are entitled to recover penalties in an amount not less than $25 nor mare than $1,000 per violation (WASH. ADMIN. CODE § 296-126-226; REV. CODE WASH. §49.12.170), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

JURY DEMAND

160.     Britt demands a trial by jury.

RELIEF SOUGHT

WHEREFORE, Britt, individually and on behalf of the Putative Class Members, seeks the following relief:

a.     An Order designating the FLSA claims as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

ORIGINAL COMPLAINT - 20

b.    An Order designating the Washington claims as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Britt and her counsel to represent the interests of the FLSA Collective and Washington Class;

d.    An Order pursuant to Section 16(b) of the FLSA finding Olympic liable for unpaid back wages due to Britt and the FLSA Collective Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

e.    An Order finding Olympic liable to Britt and the Washington Class Members for their unpaid overtime compensation owed under the WMWA, as well as for liquidated damages in an amount equal to their unpaid compensation;

f.    An Order finding Olympic liable to Britt and the Washington Class Members for unpaid "straight time" wages owed under the WWRA, as well as for liquidated damages in an amount equal to their unpaid compensation;

g.    On Order finding Olympic liable to Britt and the Washington Class Members for failing to provide and ensure these employees received *bona fide* meal breaks in compliance with the Washington Administrative Code;

h.    Judgment awarding Britt and the Putative Class Members all unpaid compensation and other damages available under the FLSA, WMWA, WWRA, and the Washington Administrative Code;

i.    An Order awarding attorney's fees, costs, and expenses;

j.    Pre- and post-judgment interest at the highest applicable rates; and

ORIGINAL COMPLAINT - 21

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1          k.        Such other and further relief as may be necessary and appropriate.

2    Dated: April 27, 2023          Respectfully submitted,

3                         FRANK FREED SUBIT & THOMAS LLP

4                         By: */s/ Michael Subit*

5                            Michael C. Subit, WSBA #29189
                            msubit@frankfreed.com

6                            705 Second Ave., Suite 1200
                            Seattle, Washington 98104

7                            Telephone: 206.624.6711

8                       JOSEPHSON DUNLAP, LLP

9                       By: */s/ Michael Josephson*

10                         Michael A. Josephson*
                         mjosephson@mybackwages.com

11                         Andrew W. Dunlap*
                         adunlap@mybackwages.com

12                         11 Greenway Plaza, Suite 3050
                         Houston, Texas 77046

13                         Telephone: 713.352.1100

14                       BRUCKNER BURCH, PLLC

15                       By: */s/ Rex Burch*

16                         Richard J. (Rex) Burch*
                         rburch@brucknerburch.com

17                         11 Greenway Plaza, Suite 3025
                         Houston, Texas 77046

18                         Telephone: 713.877.8788

19                       ANDERSON ALEXANDER, PLLC

20                       By: */s/ Clif Alexander*

21                         William C. (Clif) Alexander*
                         clif@a2xlaw.com

22                         Austin W. Anderson*
                         austin@a2xlaw.com

23                         101 N. Shoreline Blvd., Suite 610
                         Corpus Christi, Texas 78401

24                         Telephone: 361.452.1279

25                       *Pro Hac Vice Applications Forthcoming*

26                       ATTORNEYS FOR PLAINTIFF &

27                       THE PUTATIVE CLASS MEMBERS

ORIGINAL COMPLAINT - 22