1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | JENNIFER BRITT, individually and on behalf of others similarly situated,

CASE NO. C23-5377 MJP

11 | Plaintiff,

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT

12 | v.

13

14 | CLALLAM COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a OLYMPIC MEDICAL CENTER, a

15 | Washington Municipal Corporation,

16 | Defendant.

17

18 | **INTRODUCTION**

19      This matter comes before the Court on Plaintiff Jennifer Britt's Motion for Preliminary

20 | Approval of Class and Collective Settlement. (Dkt. No. 36.) Having reviewed the Motion and all

21 | supporting materials, the Court GRANTS the Motion.

22 | **BACKGROUND**

23      This case concerns claims that Britt, along with approximately 1,350 current and former

24 | hourly-paid, non-exempt employees of Defendant Clallam County Public Hospital District No. 2

1   d/b/a Olympic Medical Center ("OMC") whom she seeks to represent, performed work for OMC

2   that remained unpaid due to OMC's practices and policies. (Mot. at 8.) Specifically, Britt alleges

3   "she and others like her were required to remain on-duty during their unpaid meal breaks in

4   accordance with OMC's practices and policies," and that OMC's use of an automatic time-

5   rounding system "resulted, over time, in employees not being paid for all hours worked." (Id.)

6   Britt claims that these practices and policies violated the Fair Labor Standards Act, 29 U.S.C. §

7   201 et seq. (the "FLSA"), and Washington state law. (Dkt. No. 1 ¶ 9.) OMC has denied the

8   allegations along with any and all liability for Britt's claims under the belief that their "meal

9   break and automatic deduction policies, as well as its other timekeeping policies, were consistent

10   with applicable law and are not susceptible to class certification." (Id.) After informal discovery

11   and mediation, Britt now seeks preliminary approval of a settlement reached between the Parties.

12   (See Declaration of William M. Hogg ("Hogg Decl."), Dkt. No. 36-4 ¶¶ 18–21.)

13         The Parties have agreed on a gross settlement amount of $1,400,000.00. (See Class and

14   Collective Action Settlement Agreement (the "Settlement Agreement"), Dkt. No. 36-1 at III.)

15   The Settlement Agreement proposes that the amount be divided into two tranches. The first is the

16   "FLSA Net Settlement Fund," a separate $250,000.00 fund to compensate Class Members who

17   agree to settle their federal FLSA claims by opting-in to the FLSA Collective Action.

18   (Settlement Agreement § I.W; Hogg Decl. ¶ 35–36.) The Parties note that opting-in "incentivizes

19   participation in the FLSA collective action while avoiding 'double recovery.'" (Hogg Decl. ¶

20   67.) The second is the "Class Net Settlement Fund," which will of the remaining gross settlement

21   amount, minus requested payments to the class representative ($7,500.00), proposed class

22   counsel ($466,666.67, or one-third of the gross settlement amount), and settlement administrator

23   (15,000.00). (Settlement Agreement § III.B; Hogg Decl. § 36.) Both funds are to be disbursed to

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 2

1   Class and Collective Action members on a <u>pro rata</u> basis based on the member's individual

2   earnings during the class period when compared to the total earnings of the Class and Collective

3   Action members during the period. (<u>See</u> Settlement Agreement §§ III.C.2; III.D.2.)

4          Lastly, the Court notes that Plaintiff has provided a notice form intended to provide notice to

5   members of the Settlement Class, (<u>see</u> Notice of Class and Collective Action Settlement (the "Class

6   Notice"), Ex. A to Mot. (Dkt. No. 36-2),) and an opt-in form for Class Members to join the FLSA

7   Collective Action, (<u>see</u> FLSA Collective Consent Form (the "FLSA Opt-In"), Ex. B to Mot. (Dkt.

8   No. 36-3.)

9                                          **ANALYSIS**

10          The Court first examines certification of the Settlement Class before analyzing the

11   propriety of preliminary approval of the settlement. The Court finds that certification of the

12   Settlement Class is appropriate and that the terms provided in the Settlement Agreement are

13   likely to be found fair, reasonable, and adequate. <u>See</u> Fed. R. Civ. P. 23(e)(1)(B).

14   **A.      Preliminary Certification of Settlement Class**

15          The Court finds the certification of the proposed Settlement Class is appropriate because

16   Plaintiffs have shown that it meets all of the requirements of Rules 23(a) and 23(b)(3).

17          1.      **Numerosity**

18          The Court is satisfied that the Settlement Class is so numerous that joinder of all

19   members is impractical. <u>See</u> Fed. R. Civ. P. 23(a)(1). Plaintiffs' Complaint and Motion identify

20   at least 1,350 individuals who were allegedly impacted by OMC's meal break, automatic

21   deduction, and other timekeeping policies. (Mot. at 14–15; Complaint ¶ 43.) This satisfies Rule

22   23(a)(1)'s numerosity requirement.

23

24

1          2.      **Commonality and Predominance**

2          The Court finds that there are common issues of law and fact in satisfaction of Rule

3    23(a)(2)'s commonality requirement and that these common issues predominate over individual

4    ones as required by Rule 23(b)(3). The Court considers commonality and predominance together

5    given their overlapping nature. See, e.g., Valentino v. Carter–Wallace, Inc., 97 F.3d 1227, 1234

6    (9th Cir. 1996) ("Implicit in the satisfaction of the predominance test is the notion that the

7    adjudication of common issues will help achieve judicial economy.").

8          To show commonality, Rule 23(a)(2) requires the plaintiff to demonstrate that there are

9    "questions of law or fact common to the class." "Commonality requires the plaintiff to

10   demonstrate that the class members have suffered the same injury." Wal-Mart Stores, Inc. v.

11   Dukes, 564 U.S. 338, 349–50 (2011) (citation and quotation omitted). To satisfy commonality,

12   the claims must depend on a common contention "that is capable of classwide resolution." Id. at

13   350. As to predominance, the Court "tests whether proposed classes are sufficiently cohesive to

14   warrant adjudication by representation." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623

15   (1997). "This calls upon courts to give careful scrutiny to the relation between common and

16   individual questions in a case." Tyson Foods, 577 U.S. at 453. "An individual question is one

17   where members of a proposed class will need to present evidence that varies from member to

18   member, while a common question is one where the same evidence will suffice for each member

19   to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." Id.

20   (citation and quotation omitted). "The Rule 23(b)(3) predominance inquiry asks the court to

21   make a global determination of whether common questions prevail over individualized ones."

22   Torres v. Mercer Canyons Inc., 835 F.3d 1125, 1134 (9th Cir. 2016). "Considering whether

23   questions of law or fact common to class members predominate begins, of course, with the

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 4

1  elements of the underlying cause of action." <u>Erica P. John Fund, Inc. v. Halliburton Co.</u>, 563

2  U.S. 804, 809 (2011) (internal quotation marks omitted).

3      Plaintiffs have satisfied both predominance and commonality. They identify a class of

4  individuals who were "uniformly victimized by [OMC's] automatic meal break deduction policy

5  and/or [OMC's] automatic rounding policy. (Compl. ¶ 88.) This presents common issues,

6  including whether OMC violated federal and state wage-and-hour protections by failing to pay

7  premium overtime wages for overtime hours worked during unpaid meal breaks and or

8  automatically deducting time from employees' recorded hours. (<u>See</u> Mot. at 15–16.)

9  Additionally, the Court finds that the members of the proposed class—all non-exempt employees

10 subject to OMC's policies—are "similarly situated," as required by 29 U.S.C. § 216(b).

11 Resolving these legal issues appears possible through classwide proof and the Court finds that

12 common issues predominate over any apparent individual ones. And while damages might vary

13 among class members, the right to recovery could be determined on a classwide basis. The Court

14 finds both commonality and predominance satisfied.

15      3.      **Typicality**

16      The Court finds Plaintiffs' claims are typical of absent class members as required by Rule

17 23(a)(3).

18      "The test of typicality 'is whether other members have the same or similar injury,

19 whether the action is based on conduct which is not unique to the named plaintiffs, and whether

20 other class members have been injured by the same course of conduct.'" <u>Hanon v. Dataprods.</u>

21 <u>Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). "Typicality refers to the nature of the

22 claim or defense of the class representative, and not to the specific facts from which it arose or

23 the relief sought." <u>Id.</u> (internal citation and quotation marks omitted). The requirement is

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 5

1    permissive, such that "representative claims are 'typical' if they are reasonably coextensive with

2    those of absent class members; they need not be substantially identical." Just Film, Inc. v.

3    Buono, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting Parsons v. Ryan, 754 F.3d 657, 685 (9th

4    Cir. 2014)). "The purpose of the typicality requirement is to assure that the interest of the named

5    representative aligns with the interests of the class." Hanon, 976 F.2d at 508.

6         Britt alleges that she was subject to the same illegal policies and practices that affected

7    the other class members. (See Compl. ¶ 98; Hogg Decl. ¶ 53.) The claims she pursues appear

8    typical of the Settlement Class's because the claims and injuries arise out of a common course of

9    conduct. This satisfies typicality. See Hanon, 976 F.2d at 508.

10        4.    **Adequacy**

11        Rule 23(a) also requires that "'the representative parties will fairly and adequately protect

12   the interests of the class.'" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)

13   (quoting Fed. R. Civ. P. 23(a)(4)), overruled on other grounds by Wal-Mart, 564 U.S. 338.

14   Adequacy of representation requires that "[f]irst, the named representatives must appear able to

15   prosecute the action vigorously through qualified counsel, and second, the representatives must

16   not have antagonistic or conflicting interests with the unnamed members of the class." Lerwill v.

17   Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978). As to class counsel, the Court

18   must also assess the following requirements of Rule 23(g):

19        (i) the work counsel has done in identifying or investigating potential claims in the
          action;
20        (ii) counsel's experience in handling class actions, other complex litigation, and the types
          of claims asserted in the action;
21        (iii) counsel's knowledge of the applicable law; and
          (iv) the resources that counsel will commit to representing the class.
22
     Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to
23
     counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.
24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 6

23(g)(1)(B). And class counsel must "fairly and adequately represent the interests of the class."

Fed. R. Civ. P. 23(g)(4).

The Court finds that Plaintiff to be an adequate class representative and that class counsel is similarly adequate. See Fed. R. Civ. P. 23(a)(4). While Britt has not provided a declaration, her counsel represents that Britt and counsel "prosecuted this case with the interests of the Class members in mind." (Hogg Decl. ¶¶ 55.) Counsel represents that Britt played a "critical role" in helping secure resolution of the dispute, (Mot. at 25,) and that her claims are "in line . . . [and] not antagonistic to the claims of Class Members." (Hogg Decl. ¶ 55.) As such, the Court finds the Britt to be an adequate representative. Similarly, the Court finds that Plaintiff has retained counsel who have vigorously litigated this action, are experienced in bringing class wage-and-hour claims, (see Hogg Decl. ¶¶ 5–7,) and have the resources necessary to litigate this case. See Fed. R. Civ. P. 23(g)(1).

### 5.    **Superiority**

"In determining superiority, courts must consider the four factors of Rule 23(b)(3)." Zinser v. Accufix Rsch. Inst., Inc., 253 F.3d 1180, 1190 (9th Cir.), as amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001). The four factors are:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

The Court finds superiority satisfied. Coordinating this litigation as a settlement class action remains desirable given the relatively small individual amounts likely at issue, the limited

1   interest each class member likely has in directing the litigation, and the desirability in having one

2   court resolve this legal and factual issue for all class members. And there is no evidence of any

3   difficulties in managing the case as a class action for settlement purposes.

4         6.      **Approval of Settlement Class and Settlement Class Counsel**

5         Having found all of the Rule 23(a) and Rule 23(b)(3) factors satisfied, the Court

6   GRANTS the Motion as to the proposed Settlement Class and the FLSA Collective. The Court

7   CERTIFIES the following as the Settlement Class:

8         "All current and former hourly, non-exempt employees employed by Defendant
    in Washington at any time starting April 27, 2020, through the date of Preliminary

9         Approval of the Settlement."

10

11        (Settlement Agreement ¶ I.B.) The Court further APPROVES of the terms and conditions

12  contained in the Settlement Agreement pertaining to the FLSA Collective, which is defined as

    follows:

13

14        "All current and former hourly, non-exempt employees employed by Defendant
    in Washington at any time starting April 27, 2020, through the date of Preliminary
    Approval of the Settlement, who timely submit the FLSA Collective Consent

15        Form to join the collective action."

16        (Settlement Agreement ¶ I.B; I.T–V.) And the Court APPOINTS Michael C. Subit of

17  Frank Freed Subit & Thomas LLP, Michael A. Josephson, Andrew W. Dunlap, and William M.

18  Hogg of Josephson Dunlap LLP, Richard J. (Rex) Burch of Bruckner Burch PLLC, and William

19  C. (Clif) Alexander and Austin W. Anderson of Anderson Alexander PLLC, as Settlement Class

20  Counsel.

21

22

23

24

1   **B.       Preliminary Approval of Settlement and Notice.**

2          The Court finds that notice of the settlement should be given to the Settlement Class,

3   given that the proposed settlement appears likely to be found fair, reasonable, and adequate. See

4   Fed. R. Civ. P. 23(e)(1)(B).

5          1.       **Legal Standard**

6          A proposed class action may not be settled on a classwide basis without court approval.

7   Fed. R. Civ. P. 23(e). Before approving a settlement, the Court must determine whether to order

8   notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1). This requires the parties

9   to "provide the Court with information sufficient to enable it to determine whether to give notice

10  of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice must be given if the parties

11  show that "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii)

12  certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

13         Under Rule 23(e)(2), the Court must determine whether the proposed settlement taken as

14  a whole is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2); Hanlon, 150 F.3d at 1026

15  overruled on other grounds by Wal-Mart 564 U.S. 338 (2011). "[S]ettlements that occur before

16  class certification are subject to a high procedural standard." Kim v. Allison, 8 F.4th 1170, 1178

17  (9th Cir. 2021) (quotation omitted). "The district court must act as a fiduciary, protecting the

18  interests of absent class members by scrutinizing the settlement's fairness in light of well-

19  established factors." Id. To assess whether a proposed settlement comports with Rule 23(e)(2),

20  the Court considers the following:

21              (1) the strength of the plaintiff's case; (2) the risk, expense, complexity,
            and likely duration of further litigation; (3) the risk of maintaining class action
22          status throughout the trial; (4) the amount offered in settlement; (5) the extent of
            discovery completed and the stage of the proceedings; (6) the experience and
23          views of counsel; (7) the presence of a governmental participant; and (8) the
            reaction of the class members of the proposed settlement.

24

1     <u>Kim</u>, 8 F.4th at 1178 (quotation and citation omitted). When settlement happens before class

2     certification, approval is contingent not only on a thorough assessment of these eight factors, but

3     also a finding that the settlement "is not[ ] the product of collusion among the negotiating

4     parties." <u>In re Bluetooth Headset Prod. Liab. Litig.</u>, 654 F.3d 935, 946-47 (9th Cir. 2011)

5     (quotation and citation omitted).

6             2.        **Preliminary Approval.**

7          The Court finds that notice of the settlement should be given to the settlement class,

8     given that the proposed settlement appears likely to be found fair, reasonable, and adequate. <u>See</u>

9     Fed. R. Civ. P. 23(e)(1)(B). Based on the record presented to the Court, it appears the settlement

10    was negotiated at arm's length by informed and experienced counsel through the assistance of

11    experienced and impartial mediator. Though subject to final approval, it appears that the relief

12    provided to the class under the settlement is adequate, particularly when considering the costs,

13    risks, and delay associated with proceeding to trial and potential appeal. The method proposed

14    for distributing relief to the settlement classes and processing claims also appears adequate and

15    effective, though the Court will entertain any objections to the methodology used and the results

16    achieved. Finally, the Court finds that the proposed settlement appears to treat Settlement Class

17    members equitably relative to each other. The settlement therefore meets the criteria for

18    preliminary approval, and notice should be given to the Settlement Class. Accordingly, the Court

19    preliminarily approves the terms of the Settlement Agreement and ORDERS Plaintiff to provide

20    notice to the Settlement Class using the Class Notice form proposed by Plaintiff.

21          The Court finds that the form, content, and method of giving notice to the Settlement

22    Class as described in the Section III.F.2 of the Settlement Agreement: (a) constitute the best

23    practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances,

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 10

1  to apprise Settlement Class members of the pendency of the action, the terms of the proposed

2  settlement, and class members' rights under the proposed settlement; (c) are reasonable and

3  constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d)

4  satisfy the requirements of Federal Rule of Civil Procedure 23 and due process. The Court

5  further finds that the Class Notice is written in plain language, uses simple terminology, and is

6  designed to be readily understandable by Settlement Class members.

7       Non-material modifications to the Class Notice may be made without further order of the

8  Court. As requested, the Court appoints ILYM Group as the Settlement Administrator, who shall

9  be supervised by Settlement Class Counsel and the Court. The Court directs OMC to provide the

10  Settlement Administrator with the Class and Collective Data no later than twenty-one (21) calendar

11  days following the entry of this Order (as per Section III.F.2.a of the Settlement Agreement.) The

12  Settlement Administrator is directed to carry out the notice plan found in Section III.F.2 of the

13  Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior

14  to the Final Approval Hearing, Settlement Class Counsel shall cause to be filed with the Court an

15  appropriate declaration with respect to complying with the provisions of Section III.F.2 of the

16  Settlement Agreement.

17       3.       **Notice Date**

18       The Court directs the Settlement Administrator to cause a copy of the Notice to be mailed

19  to all potential settlement class members in the manner outlined in the Settlement Agreement.

20  The mailing is to be made by first class United States mail and via email to potential Settlement

21  Class members where an existing email address is available, within fourteen (14) calendar days

22  of the Settlement Administrator's receipt of the Class and Collective Data (the "Notice Date").

23

24

The settlement website shall include, and make available for download, copies of the Settlement

Agreement and Class Notice.

4.      **Funds Held by Settlement Administrator**

All funds held by the Settlement Administrator shall be deemed and considered to be <u>in</u>

<u>custodia legis</u> of the Court and shall remain subject to the jurisdiction of the Court until such

time as the funds are distributed pursuant to the revised settlement or further order of the Court.

5.      **Deadline to Submit Claim Forms**

Plaintiff proposes allowing Settlement Class members sixty (60) calendar days from the

Notice Date to submit their signed FLSA Opt-In forms. The Court finds this request is

reasonable and allows for sufficient time for Class Members to opt-in to the FLSA Collective

Action. The Court therefore allows Settlement Class members 60 days from the Notice Date to

submit their signed FLSA Opt-In forms. This is the "FLSA Opt-In Deadline."

6.      **Exclusions**

The Court largely agrees with Plaintiff's proposed exclusion methodology, (see Class

Notice § 10,) but directs Plaintiff to clarify the opt-out provision as follows: Any Settlement

Class member that wishes to be excluded from the Settlement Class must mail an exclusion letter

to the Settlement Administrator at the addresses provided in the Notice, postmarked no later than

the deadline to opt-out, as specified on the Notice, and sent via first class postage pre-paid U.S.

mail. The exclusion letter must: (a) state the Settlement Class member's full name, address, and

telephone number; (b) state the name and number of this case, <u>Britt v. Clallam County Public</u>

<u>Hospital District No. 2 d/b/a Olympic Medical Center</u>, Case No. 2:23-cv-05377-MJP; (c) contain

the Settlement Class member's personal and original signature or the original signature of a

person authorized by law to act on the Settlement Class member's behalf with respect to a claim

1 | or right such as those asserted in the litigation, such as a trustee, guardian or person acting under

2 | a power of attorney; and (d) state unequivocally the Settlement Class member's intent to be

3 | excluded from the settlement. To be valid, each individual class member who seeks exclusion

4 | must file an individual request for exclusion—in other words, a class member may not request

5 | exclusion for anyone other than for that the class member.

6 |       Any Settlement Class member who does not timely and validly exclude themselves from

7 | the settlement shall be bound by the terms of the revised settlement agreement. If final judgment

8 | is entered, any Settlement Class member who has not submitted a timely, valid written notice of

9 | exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and

10 | judgments in this matter, including but not limited to the release set forth in the Settlement

11 | Agreement.

12 |       7.     **Objections**

13 |       Any Settlement Class member may enter an appearance in the action, at his or her own

14 | expense, individually or through counsel of his or her own choice. If a Settlement Class member

15 | does not enter an appearance, they will be represented by Settlement Class Counsel.

16 |       Any Settlement Class member who wishes to may file objections to the settlement,

17 | including the settlement benefits, service awards, and/or the attorneys' fees and costs. Any

18 | Settlement Class member may also appear at the Final Approval Hearing and show cause as to

19 | why the settlement should not be approved as fair, reasonable, and adequate to the Settlement

20 | Class, why a final approval order and judgment should not be entered thereon, why the settlement

21 | benefits should not be approved, or why the service awards and/or the attorneys' fees and costs

22 | should not be granted. Unless the Court orders otherwise, no Settlement Class member will be

23 | heard on such matters unless they have filed in this action the objection, together with any briefs,

24 |

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 13

1  papers, statements, or other materials the settlement class member wishes the Court to consider,

2  within sixty (60) calendar days following the Notice Date (the "Objection Deadline").

3       The Court directs Plaintiff to amend Section 11 of the Class Notice to reflect the following:

4  any objection must include: (i) the objector's full name, address, telephone number, and e-mail

5  address (if any); (ii) the name and number of this case, Britt v. Clallam County Public Hospital

6  District No. 2 d/b/a Olympic Medical Center, Case No. 2:23-cv-05377-MJP; (iii) information

7  identifying the objector as a Settlement Class member, including proof that the objector is a

8  member of the Settlement Class; (iv) a statement as to whether the objection applies only to the

9  Settlement Class member, to a specific subset of the Settlement Class, or to the entire Settlement

10  Class; (v) a written statement of the specific legal and factual bases for each and every objection,

11  accompanied by any legal support for the objection the objector believes applicable; (vi) the

12  identity of any counsel representing the objector; (vii) a statement whether the objector intends to

13  appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel,

14  identifying that counsel; (viii) a list of all persons who will be called to testify at the Final Approval

15  Hearing in support of the objections and any documents to be presented or considered; and (ix) the

16  objector's signature and the signature of the objector's duly authorized attorney or other duly

17  authorized representative (if any). In addition to the foregoing requirements, if an objecting

18  Settlement Class member intends to speak at the final approval hearing (whether pro se or through

19  an attorney), the written objection must include a detailed description of any evidence the objecting

20  Settlement Class member may offer at the Final Approval Hearing, as well as copies of any

21  exhibits the objecting Settlement Class member may introduce at the Final Approval Hearing.

22  Unless the Court orders otherwise, any Settlement Class member who fails to object to the

23  settlement in the manner described in the Settlement Agreement and in the notice provided

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 14

1   pursuant to Section III.F.2 of the Settlement Agreement shall be deemed to have waived any such

2   objection, shall not be permitted to object to any terms or approval of the Settlement Agreement

3   at the Final Approval Hearing, and shall be precluded from seeking any review of the settlement

4   or the terms of the Settlement Agreement by appeal or any other means.

5        With leave of Court for good cause shown, the Parties may take discovery of an objector

6   or an objector's counsel. Any Settlement Class member that fails to comply with the provisions in

7   this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all

8   the terms of the revised settlement, this Order, and by all proceedings, orders, and judgments,

9   including, but not limited to, the releases in the settlement, if finally approved. Any potential

10  Settlement Class member who both objects to the settlement and submits an exclusion letter will

11  be deemed to have opted-out and the objection shall be deemed null and void.

12       8.    **Final Approval Hearing**

13       A hearing will be held by this Court in the Courtroom of The Honorable Marsha J.

14  Pechman, United States District Court for the Western District of Washington, United States

15  Courthouse, 700 Stewart Street, Courtroom 14B (14th Floor), Seattle, WA 98101 at 10:00 a.m.

16  on January 23, 2025 ("Final Approval Hearing"), to determine: (a) whether the revised

17  settlement should be approved as fair, reasonable, and adequate to the class; (b) whether the

18  Final Approval Order should be entered in substance materially the same as Dkt. No. 36-5;

19  (c) whether the settlement should be approved as fair, reasonable, and adequate to the Settlement

20  Class; (d) whether to approve the application for service awards for the named plaintiff and an

21  award of attorneys' fees and litigation expenses; and (e) any other matters that may properly be

22  brought before the Court in connection with the settlement. The Final Approval Hearing is

23  subject to continuation or adjournment by the Court. The Court may approve the settlement with

24

1   such modifications as the Parties may agree to, if appropriate, without further notice to the

2   Settlement Class.

3        With regard to briefing in support of final approval, all opening briefs and supporting

4   documents in support of a request for final approval of the settlement and settlement benefits

5   must be filed and served at least thirty-five (35) days prior to the Final Approval Hearing. All

6   briefing and supporting documents in support of any motion for payment of Class Counsel fees

7   and expenses, and/or the Class Representative service award must be no later than Plaintiff's

8   filing of their motion for final approval. The deadline to file responses, if any, to any objections,

9   and any replies in support of final approval of the revised settlement and/or class counsel's

10  application for attorneys' fees, costs, and the named plaintiff service awards must be filed and

11  served at least fourteen (14) days prior to the Final Approval Hearing.

12       Prior to the Final Approval Hearing, Settlement Class Counsel and Defendant shall cause

13  to be filed with the Court an appropriate affidavit or declaration with respect to complying with

14  the provision of notice as set forth in Section III.F.2 of the Settlement.

15       9.      **Class Settlement Deadlines and Stay of Existing Case Schedule**

16       Pending the Final Approval Hearing, all existing case deadlines are hereby stayed, except

17  the settlement-related deadlines set forth in this Order or otherwise included in this section.

18  Those deadlines are as follows:

19

| Action | Date |
| --- | --- |
| Date of Preliminary Approval | |
| Deadline for OMC to provide ILYM Group with the Class List | Within 21 days after the Court's preliminary approval of the Settlement |
| Deadline for ILYM Group to mail and email the Notice Packets to Class Members | Within 14 days after IYLM Group receives the Class List |
| Deadline for Class Members to postmark request to exclude themselves, or "opt-out," or to file objections to the Settlement | 60 days after Notice Packets are mailed |

24

| | |
|---|---|
| Deadline for Class Members to submit signed opt-in consent forms (either must be postmarked on or before the deadline, or must be electronically submitted on or before the deadline) | 60 days after Notice Packets are mailed |
| Deadline for ILYM Group to provide all counsel with a report showing<br><br>(i) the names of Class Members and FLSA Collective Members;<br><br>(ii) the Individual Settlement Payments owed to each Class Members and FLSA Collective Member;<br><br>(iii) the final number of Class Members who have submitted objections;<br><br>(iv) the final number of individuals who have submitted valid requests to exclude themselves from the Class/Settlement; and<br><br>(v) the number of undeliverable Notice Packets. | Within 10 business days after the opt-in/opt-out/objection deadline |
| Deadline for filing of Final Approval Motion | At least 35 days before Final Approval Hearing |
| Deadline for Plaintiff to serve and file briefing and supporting documents in support of any motion for payment of Class Counsel fees and expenses, and/or the Class Representative service award | No later than Plaintiff's filing of Final Approval Motion |
| Deadline for ILYM Group to provide the Court and all counsel with a statement detailing the Settlement Administration Costs and its administration of the Notices | At least 10 days before Final Approval Hearing |
| Final Approval Hearing | January 23, 2025 at 10:00 a.m. |

Upon application of the Parties and good cause shown, the deadlines set forth in this Order—except the final approval hearing—may be extended by order of the Court, without further notice to the Settlement Class. Any extension of the final approval hearing will require notice to the Settlement Class.

1        10.        **Termination of the Settlement and Use of this Order**

2        If the Court does not provide final approval of the settlement, this Order shall become

3    null and void and shall be without prejudice to the rights of the Parties, all of which shall be

4    restored to their respective positions existing immediately before this Court entered this Order. In

5    such event, the settlement shall become null and void and be of no further force and effect.

6                                    **CONCLUSION**

7        The Court finds that Plaintiffs have satisfied all of the requirements for approval of the

8    proposed Settlement Class. The Court therefore GRANTS the Motion as to this request and

9    CERTIFIES the following Settlement Class:

10           "All current and former hourly, non-exempt employees employed by Defendant
             in Washington at any time starting April 27, 2020, through the date of Preliminary
11           Approval of the Settlement."

12       The Court further APPROVES of the terms and conditions contained in the Settlement

13   Agreement pertaining to the FLSA Collective, which is defined as follows:

14           "All current and former hourly, non-exempt employees employed by Defendant
             in Washington at any time starting April 27, 2020, through the date of Preliminary
15           Approval of the Settlement, who timely submit the FLSA Collective Consent
             Form to join the collective action."

16

17       The Court also APPOINTS Michael C. Subit of Frank Freed Submit & Thomas LLP,

18   Michael A. Josephson, Andrew W. Dunlap, and William M. Hogg of Josephson Dunlap LLP,

19   Richard J. (Rex) Burch of Bruckner Burch PLLC, and William C. (Clif) Alexander and Austin

20   W. Anderson of Anderson Alexander PLLC, as Settlement Class Counsel.

21       The Court finds that notice of the settlement should be given to the Settlement Class,

22   given that the proposed settlement appears likely to be found fair, reasonable, and adequate.

23   Plaintiff is DIRECTED to amend Sections 10 and 11 of the Class Notice as per the Court's

24

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
SETTLEMENT - 18

1    instructions in Sections B.6–7 of this Order. Plaintiff is then ORDERED to adhere to the

2    procedure approved of by the Court in Section B of this Order.

3         The clerk is ordered to provide copies of this order to all counsel.

4         Dated August 23, 2024.

5

6                                        Marsha J. Pechman
                                         United States Senior District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24