The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| JENNIFER BRITT, Individually and for Others Similarly Situated, | Case No. 3:23-cv-05377-MJP |
| Plaintiffs, | **PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| CLALLAM COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a OLYMPIC MEDICAL CENTER, a Washington Municipal Corporation, | Hearing Date:     Jan. 24, 2025<br>Hearing Time:     10:00 a.m. PST |
| Defendant. | |

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page i

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

TABLE OF CONTENTS

1. Introduction. .................................................................................................................1

2. Relevant Factual Background. ................................................................................... 2

3. Procedural History. .......................................................................................................3

4. Notice of Settlement, Response of Class Members, and Opt-in Process. ................................ 4

5. Argument & Authorities. ..............................................................................................5

   A. Ninth Circuit precedent favors and encourages class settlements. ....................................5

   B. The best practicable notice was provided to the Class Members. ...................................7

   C. The Settlement readily warrants final approval. ......................................................... 8

      i. The Settlement is presumptively fair. ............................................................... 9

      ii. The Class Members overwhelmingly support the Settlement. ................................. 9

      iii. The strength of Plaintiff's case. ...................................................................10

      iv. The Action involved significant risk and costly further litigation. ...........................10

      v. The Settlement Amount favors approval. ..........................................................12

      vi. Wide-ranging informal discovery has been completed. .........................................13

      vii. Class Counsel are highly experienced. ............................................................13

   D. The Service Awards and attorneys' fees and costs are reasonable. ...............................14

   E. The Court should grant final Class Certification for settlement purposes. ....................14

6. The Court should Approve the Proposed Schedule. ........................................................15

7. Conclusion. ................................................................................................................16

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page ii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
   No. 19-cv-411-WQH-AHG, 2021 WL 3419232 (S.D. Cal. Aug. 5, 2021)....................7

*Balderas v. Massage Envy Franchising, LLP*,
   No. 12-cv-06327 NC, 2014 WL 3610945 (N.D. Cal. July 21, 2014) ..........................12

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979).............................................................................13

*Carter v. Anderson Merchandisers, LP*,
   No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010) .........13

*Churchill Village, LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ......................................................................................8

*Clifton v. Babb Constr. Co.*,
   No. 6:13-cv-1003 MC, 2014 WL 5018897 (D. Or. Oct. 1, 2014) ...............................7

*Cody v. Hillard*,
   88 F. Supp. 2d 1049 (D.S.D. 2000) ............................................................................9

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
   No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ........................6

*Etcheverry v. Franciscan Health System*,
   No. 19-cv-05261-RJB-MAT, Dkt. #  (W.D. Wash. Oct. 19, 2021) ..............................6

*Franklin v. Kaypro Corp.*,
   884 F.2d 1222 (9th Cir. 1989) ....................................................................................6

*Grewe v. Cobalt Mortg., Inc.*,
   No. C16-0577-JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016) .........................6

*Gruinn v. Int'l House of Pancakes*,
   513 F.2d 114 (8th Cir. 1975) ......................................................................................8

*Guilbaud v. Sprint Nextel Corp.*,
   No. 3:13-cv-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016) ......................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..............................................................................5, 6, 9

*In re Am. Bank Note Holographics, Inc.*,
   127 F. Supp. 2d 418 (S.D.N.Y. 2001)........................................................................9

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*,
   289 F.R.D. 526 (N.D. Cal. 2012)...............................................................................11

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page iii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000)......................................................................................12

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) .....................................................................................9

*Jones, et al. v. CertifiedSafety, Inc.*,
Case No. 3:17-cv-02229-EMC, Dkt. # 232 (N.D. Cal. June 1, 2020) .........................7

*Kilbourne v. Coca-Cola Co.*,
No. 14-cv-984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015)..................11

*Langford v. Devitt*,
127 F.R.D. 41 (S.D.N.Y. 1989) ...................................................................................8

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ........13

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) ...................................................................................6

*Lytle v. Coquille Valley Hospital*,
No. 6:19-cv-00722-AA, Dkt. # 69 (D. Or. May 9, 2022) ............................................6

*Ma v. Covidien Holding, Inc.*,
No. SACV 12-02161-DOC (RNBx), 2014 WL 360196 (C.D. Cal. Jan. 31, 2014)......12

*Mandujano v. Basic Vegetable Products, Inc.*,
541 F.2d 832 (9th Cir. 1976) ...................................................................................7, 9

*Monterrubio v. Best Buy Stores, L.P.*,
291 F.R.D. 454 (E.D. Cal. 2013) ...............................................................................13

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) ......................7

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ........................................................................6, 8, 12, 14

*Otey v. CrowdFlower, Inc.*,
No. 12-CV-055524-JST, 2015 WL 6091741 (N.D. Cal. Oct. 16, 2015) ......................6

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009)......................................................................................12

*Soto, et al. v. O.C. Communications, Inc.*,
No. 3:17-cv-00251-VC, Dkt. ## 199 & 305 (N.D. Cal. Oct. 23, 2019) .......................7

*Stovall-Gusman v. W.W. Granger, Inc.*,
No. 13-cv-02540-HSG, 2015 WL 3776765 (N.D. Cal. June 17, 2015) ......................12

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page iv

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................... 8

*Viceral v. Mistras Grp., Inc.*,
    No. 15-cv-02198-EMC, 2017 WL 661352 (N.D. Cal. Feb. 17, 2017) ..................... 7

*Viceral v. Mistras Grp., Inc.*,
    No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) .................... 12

*Villafan v. Broadspectrum Downstream Servs.*,
    No. 18-cv-06741-LB, 2020 WL 6822908 (N.D. Cal. Nov. 20, 2020) ..................... 10

*Wren v. RGIS Inventory Specialists*,
    No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ................. 8, 9, 13

*York v. Starbucks Corp.*,
    No. CV 08-07919 GAF PJWx, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ........... 11

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 5, 6, 8

**Treatises**

Manual for Complex Litigation,
    *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004) ............... 5

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page v

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**1.    Introduction.**

Plaintiff Jennifer Britt ("Britt") hereby moves for final approval of the Class and Collective Action Settlement Agreement (the "Settlement Agreement" or "Settlement," *see* Dkt. ##36-1 and 43). The Settlement resolves all of the claims in this action on a class- and collective-wide basis. As such, Britt moves for an Order:

(1)  Granting final approval of the Settlement Agreement;

(2)  Finally certifying the Collective and the Class for settlement purposes;

(3)  Finally appointing and approving Plaintiff Britt as Class Representative;

(4)  Finally appointing and approving Josephson Dunlap LLP, Frank Freed Subit & Thomas LLP, Bruckner Burch PLLC, and Anderson Alexander PLLC as Counsel for the Class and Opt-in Plaintiffs;

(5)  Finally approving payment to ILYM Group in the amount up to $15,000.00 for its services as Settlement Administrator;

(6)  Finally approving the release of claims as set forth in the Settlement Agreement; and

(7)  Finally approving the implementation schedule, below.

Britt brought this class and collective action (the "Action") on behalf of herself and current or former non-exempt employees of Defendant Clallam County Public Hospital District No. 2 d/b/a Olympic Medical Center ("Defendant" or "OMC") who worked for Defendant in Washington from April 27, 2020 through the date of Preliminary Approval (August 23, 2024), with Threshold Earnings.[1] The Class includes 1,986 Class Members.[2] *See* Dkt. # 42 at p. 2. The Action is based on Defendant's alleged violations of the Fair Labor Standards Act ("FLSA") and Washington state wage-and-hour laws.

---

[1]  "Threshold Earnings" means a proportionate settlement share of the Class Net Settlement Fund that would be equal to or greater than 0.0075% of the Class Net Settlement Fund.

[2]  Three individuals have submitted timely requests to exclude themselves from the class. For ease of reference and consistency, Britt uses the "1,986" figure while acknowledging the opt-outs have slightly reduced the actual class size.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 1

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The Court granted preliminary approval of the $1,400,000 settlement on August 23, 2024. *See* Dkt. #38. The Parties thereafter submitted a joint motion to modify the Preliminary Approval Order to re-define the Class definition. *See* Dkt. #42. The Court granted the Joint Motion to Modify Preliminary Approval Order on November 4, 2024. *See* Dkt. #45. The Settlement resolves the claims of 1,986 Class Members, 788 of whom submitted written consents to join the FLSA collective action and only three of whom submitted timely requests for exclusion.[3, 4] The opt-in deadline is January 14, 2025. If additional Class Members Opt-in, Plaintiff will file a supplemental brief with updated numbers. The response of the Class Members has been resoundingly favorable—to date, zero Class Members have objected to the Settlement, and only three individuals have submitted a request for exclusion.

Given the excellent recoveries, the positive response of the Class, and that the Settlement will provide significant monetary payments in uncertain times, Class Counsel respectfully submits the Court should approve the Settlement. By any measure, the Settlement provides a great benefit to the Class and Opt-in Plaintiffs and an efficient outcome in the face of expanding litigation. It is fair, reasonable, and adequate in all respects. As set forth herein, the Settlement should be finally approved.

## 2. Relevant Factual Background.

Plaintiff is a former non-exempt employee of Defendant. Plaintiff worked for OMC as a non-exempt certified medical coder from approximately August 2017 to August 2022. *See* Dkt. #1

---

[3]    The Notice approved by the Court and circulated to the Class Members invited those who worked during the FLSA Collective Period to submit an FLSA Collective Consent Form to become Opt-in Plaintiffs and receive a share of the FLSA Net Settlement. 788 individuals have opted-in as of the date of this Motion. Class Members who do not request exclusion from the class and are Opt-in Plaintiffs will receive a share from both the Class Net Settlement Fund and the FLSA Net Settlement Fund. The remainder of the FLSA Net Settlement Fund that is not distributed to the Opt-in Plaintiffs or designated as the Reversion Return Amount to be added to the Class Net Settlement Fund, will revert back to OMC. *See* Dkt. ## 36-1 at Sec. III.D.4; Dkt. #43 at Sec. II(1), (3).

[4]    For ease of reference, Plaintiff, Class Members, and Opt-in Plaintiffs are sometimes collectively referred to as "Class Members."

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 2

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

at ¶ 16. OMC provides medical care to residents of Clallam County and is the "largest employer in Clallam County [that] … employs more than 1,550 people." *Id.* at ¶¶ 42-43.

Plaintiff alleges the Class Members were not properly compensated for work performed for Defendant during meal periods, before clocking in, and after clocking out for work. Specifically, Plaintiff alleged Class Members were denied required meal periods and/or were not paid for work performed during unpaid meal periods, and likewise that Defendant instituted a non-neutral time-rounding system that failed to compensate Class Members for all hours worked. With this litigation, Plaintiff sought to recover all allegedly unpaid wages, compensation, penalties, and other damages owing to the Class Members under the FLSA and Washington wage-and-hour law.

Defendant has at all times denied, and continues to deny, these allegations, and denies any and all liability for Plaintiff's claims. Defendant further denies Plaintiff's allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes. Defendant argued Plaintiff's class action complaint would fail for both substantive and procedural issues. Defendant contended its meal and rest period policies and timekeeping policies were consistent with applicable law and that to the extent there were any violations of the law (which Defendant did not concede), such potential violations occurred on an "ad hoc" basis and contrary to policy. Because Defendant claimed the policies were consistent with the law, denied all liability, and asserted that any violations were done on an ad hoc basis, Defendant did not believe the claims were susceptible to class or collective action certification.

**3.  Procedural History.**

Plaintiff filed this class and collective action lawsuit on April 27, 2023. *See* Dkt. # 1. Defendant answered the lawsuit on June 9, 2023, denying Plaintiff's claims and asserting various defenses. *See* Dkt. # 20. The Parties thereafter proceeded to litigation, engaged in informal discovery, and attended private mediation with Cliff Freed. *See* Hogg Decl. at ¶¶ 8-23. As a result of arm's length and good faith negotiations during those settlement talks, with the assistance of Mr. Freed, the Parties reached a settlement in principle on or about December 21, 2023. Over the next several months, the Parties undertook the process of drafting, revising, and finalizing the settlement

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 3

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

agreement terms, distilling and crystallizing those terms into a written settlement agreement, and agreeing on the form and content of a settlement notice and opt-in form process. *Id.* The Parties also executed an addendum to the Settlement that re-defined the Class definition. *Id.* The final version of the Settlement Agreement, along with the addendum, was agreed as to form on October 25, 2024. *Id.*

Plaintiff moved for preliminary approval of the Settlement on June 28, 2024. *See* Dkt. #36. Defendant did not oppose the motion for preliminary approval. The Court granted preliminary approval of the Settlement on August 23, 2024. *See* Dkt. #38. The Court granted preliminary approval of the addendum on November 4, 2024. *See* Dkt. #45. The terms of the Settlement were detailed in Plaintiff's Motion for Preliminary Approval and the Joint Motion to Modify Preliminary Approval Order, which is incorporated herein by reference. *See* Dkt. ## 36 at 9-13 and 42.

**4.    Notice of Settlement, Response of Class Members, and Opt-in Process.**

Following the Court's preliminary approval order, the Settlement Administrator, ILYM Group, received the Class and Collective Data from Defendant, which contained the names, last known mailing addresses, social security numbers, and earnings calculations for the Class Members. *See* Hogg Decl. at ¶¶ 24-33. On November 15, 2024, ILYM Group disseminated the Class and Collective Notice Packets via U.S. Mail to all addresses provided. *Id.*

ILYM Group calculated the individual settlement payments for every Class member using the total earnings data provided by Defendant. *Id.* The notices informed the Class Members of: the Settlement terms; their expected share for both the Class allocation and the FLSA allocation; the deadline to submit any objections, Requests for Exclusion, FLSA Collective Consent Forms, and disputes; the final approval hearing; the names and contact information for Class Counsel and Defendant's counsel; and that Britt would seek attorneys' fees, costs, and Plaintiff's service award and the corresponding amounts. *Id.*; *see also* Dkt. ##36-2 and 42-1.

As of January 6, 2025, thirty-one (31) notice packets have been returned to ILYM Group as undeliverable without a forwarding address, and for which skip-tracing and other techniques to identify current or new mailing addresses could not be located. *Id.* 31 notice packets remain

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 4

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1  undelivered. *Id.* The deadline for Class Members to opt-in, seek exclusion, object, and/or dispute
2  their settlement share calculation expires on January 14, 2025. *Id.* To date, 788 people (39.7%) have
3  opted-in to the FLSA portion of the Settlement. *Id.*

4       To date, no objections or disputes have been filed and only three (3) Class Members out of
5  1,986 have requested exclusion from the Settlement. *Id.* Britt will submit a declaration from ILYM
6  Group regarding notice administration in advance of the Final Approval hearing.

7       In addition to distributing the Notice Packets, ILYM Group is also responsible for
8  calculating individual settlement payments; calculating applicable payroll taxes, withholdings and
9  deductions; preparing and issuing settlement disbursements to Participating Class members, the
10  Class Representatives, Class Counsel, and federal and local tax authorities; and handling inquiries
11  and/or disputes from Class Members. *Id.* ILYM Group is also responsible for the timely
12  preparation and filing of tax reporting. *Id.* Following final approval of the Settlement, ILYM Group
13  will issue checks to the Opt-in Plaintiffs and Class Members. *Id.*

14  **5.    Argument & Authorities.**

15       **A.    Ninth Circuit precedent favors and encourages class settlements.**

16       A certified class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e).
17  Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed
18  settlement upon a written motion; (2) dissemination of notice of the settlement to all class
19  members; and (3) a final settlement approval hearing at which objecting class members may be
20  heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness
21  of the settlement is presented. *See* Manual for Complex Litigation, *Judicial Role in Reviewing a*
22  *Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a
23  proposed settlement is committed to the sound discretion of the Court. *See Hanlon v. Chrysler*
24  *Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlements satisfy
25  two primary prerequisites before a court may grant certification for purposes of preliminary and
26  final approval: (1) the settlement class meets the requirements for class certification, if it has not

27
28

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 5

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1019-20.

In the FLSA context, court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-055524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741 at *4; *Grewe v. Cobalt Mortg., Inc.*, No. C16-0577-JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

Applying this standard of review to other federal and state-law wage and hour class actions, federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that reached in this case. *See, e.g., Lytle v. Coquille Valley Hospital*, No. 6:19-cv-00722-AA, Dkt. # 69 (D. Or. May 9, 2022) (granting final approval of settlement that included both FLSA and Oregon state law claims); *Etcheverry v. Franciscan Health System*, No. 19-cv-05261-RJB-MAT, Dkt. # 85 (W.D. Wash. Oct. 19, 2021) (granting final settlement approval for FLSA and Rule 23 class and collective

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 6

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

action consisting of approximately 8,000 patient care workers who alleged they were required to remain on-duty during unpaid meal periods); *Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 WL 3419232 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington state law claims); *Jones, et al. v. Certified Safety, Inc.*, Case No. 3:17-cv-02229-EMC, Dkt. # 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C. Communications, Inc.*, No. 3:17-cv-00251-VC, Dkt. ## 199 & 305 (N.D. Cal. Oct. 23, 2019) (same); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *6 (N.D. Cal. Sept. 13, 2019) (granting final approval of settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2017 WL 661352, at *1 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-cv-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897 (D. Or. Oct. 1, 2014) (granting final approval of settlement that included both FLSA and Oregon law claims).

Here, the Court has already granted preliminary approval of the Settlement. *See* Dkt. ## 38 and 45. As part of that order, the Court conditionally certified the Class and Collective for settlement purposes, finding the requirements of Rule 23 and the FLSA were met. Dkt. # 38 at 9. Accordingly, the only step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions throughout federal district courts.

**B.    The best practicable notice was provided to the Class Members.**

Pursuant to the Court's August 23rd preliminary approval order and order approving modification of the preliminary approval order, ILYM Group sent the Court-approved Class and Collective Notice Packet to the Class members in accordance with the terms of the Settlement. *See* Hogg Decl. at ¶¶ 24-33. The notice process was robust, with all notices sent via U.S. Mail, and where e-mail addresses were available, ILYM Group also sent e-mail notice. *Id.*

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 7

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Gruinn v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

The Settlement Administrator followed all procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members received the Notice. Ultimately, of the 1,986 notice packets mailed out, 58 were returned. Of those 58 returned notice packets, 31 were re-mailed to forwarding addresses or to addresses identified by a skip-trace procedure. In total, only 31 of the notice packets remained undeliverable. *See* Hogg Decl. at ¶¶ 24-33. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

   C.   **The Settlement readily warrants final approval.**

In deciding whether to approve a proposed class action settlement, the Court must find the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Included in this analysis are considerations of: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Importantly, courts apply a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 8

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1    concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors,

2    the Court should find the Settlement is fair, reasonable, and adequate, and finally approve it as to

3    the Classes and Opt-in Plaintiffs.

4                    **i.       The Settlement is presumptively fair.**

5           Courts routinely presume a settlement is fair where it is reached through arm's-length

6    bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. This Settlement was a

7    product of non-collusive, arm's-length negotiations. *See* Hogg Decl. at ¶¶ 18-23, 51-69. The Parties

8    participated in months of extensive back-and-forth negotiations by and through their respective

9    counsel. *Id.* The Parties then spent several months negotiating the material terms of the Settlement

10   and finalizing a long-form Settlement Agreement, with several rounds of revisions and proposals

11   related to the terms and details of the Settlement. *Id*. Britt and the Class are represented by

12   experienced and respected litigators of representative wage and hour actions, and these attorneys

13   feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id.*

14   at ¶¶ 1-7, 51-69; Subit Declaration.

15                   **ii.      The Class Members overwhelmingly support the Settlement.**

16          The Ninth Circuit and other federal courts make clear that the number or percentage of

17   class members who object to or opt-out of the settlement is a factor of great significance. *See*

18   *Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425

19   (S.D.N.Y. 2001) ("It is well established that the reaction of the class to the settlement is perhaps

20   the most significant factor to be weighed in considering its adequacy."). Courts have found that a

21   relatively low percentage of objectors or opt-outs is a very strong indicator of fairness that factors

22   heavily in favor of final approval. *See, e.g., Cody v. Hillard*, 88 F. Supp. 2d 1049, 1059-60 (D.S.D.

23   2000) (approving settlement in large part because only 3% of the apparent class had objected to the

24   settlement).

25          As of the date of this filing, no Class Members have objected to the Settlement, and only

26   three Class Members timely submitted requests for exclusion. *See* Hogg Decl. at ¶ 29. Further,

27

28

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 9

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

there have been no disputes about settlement amount calculations. *Id.* There is widespread support for the Settlement among Class Members. This factor weighs heavily in favor of final approval.

### iii.    The strength of Plaintiff's case.

Britt contends she has strong wage-and-hour claims that are chiefly rooted in a centralized policy that Class Members' meal periods would be unpaid, but that Class Members are required to remain on-duty during such unpaid meal periods. Britt further contends her time-rounding claim is strong, as it would be a centralized timekeeping policy that would readily demonstrate liability for the pre- and post-shift off-the-clock claims. Britt maintains that liability for the time-rounding claim would likely resolve up or down using centralized evidence (*i.e.*, comparing the raw, un-rounded time punches with the rounded timekeeping records would readily demonstrate whether Class Members were paid for all hours worked, or whether the time-rounding resulted in neutrality). Britt continues to believe she has a strong case, but Britt is also pragmatic in her awareness of the risks inherent in this litigation, particularly where there are thousands of Class members that worked in different roles, under differing supervisors, at numerous different locations. *See* Hogg Decl. at ¶¶ 51-69. This is particularly true where Defendant has at all times denied any and all liability and has contended that all of its practices and policies were legally compliant.

### iv.    The Action involved significant risk and costly further litigation.

While Britt is confident in the strength of her case, recovery of the damages and penalties would require overcoming procedural and substantive challenges, such as class certification under Washington law and collective certification under the FLSA, and ultimate success on the merits across the entire classes. This is a questionable feat in light of developments in wage and hour class and collective action law, as well as the legal and factual grounds that Defendant has asserted to defend this action. *Id.* Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage &*

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 10

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14-cv-984-MMA BGS, 2015 WL 5117080, at *1 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWx, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

While Britt is confident she would establish that common policies and practices give rise to the off-the-clock work for the employees at issue here, Britt acknowledges that such off-the-clock work was performed at many different work locations and departments, each with its own supervisors and management staff. *See* Hogg Decl. at ¶¶ 51-69. With those considerations in mind, Britt recognizes that obtaining class certification would present an obstacle, with the risk that Britt might only be able to pursue individual actions in the even certification was denied. *Id*. Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face motions for decertification if the Class or Collective were certified as the case progressed. *Id*.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *Id*. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement were not approved), Class Counsel estimates that fees and costs would exceed $5,000,000. *Id*. Litigating the class and collective action claims would require substantial additional preparation and extensive formal discovery. *Id*. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id*.

In contrast to litigating this suit, resolving this case by means of Settlement will yield a prompt, certain, and substantial recovery for the Class Members. *Id*. Such a result will benefit the Parties and the court system. *Id*. It will bring finality to extensive litigation and will foreclose the possibility of expanding litigation.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 11

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

v.    The Settlement Amount favors approval.

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30% of the damages estimated by class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10% of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising, LLP*, No. 12-cv-06327 NC, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC (RNBx), 2014 WL 360196, at *4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness). Here, the Gross Settlement Amount of $1,400,000 represents approximately 12.8% of the $10,925,000 that Plaintiff's Counsel calculated as Defendant's potential unpaid wages exposure (not including liquidated damages). *See* Dkt. # 36 at 4. The Settlement Amount is within the range of reasonableness and favors final approval.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 12

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

### vi.   Wide-ranging informal discovery has been completed.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may likewise assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 454 (E.D. Cal. 2013).

Here, the Parties engaged in extensive information discovery, and Plaintiff's Counsel engaged in class outreach, that have enabled both sides to assess the claims and potential defenses in this action. *See* Hogg Decl. at ¶¶ 51-69. Defendant provided substantial data for the Class that permitted Plaintiff to calculate potential damages. *Id.* Plaintiff's Counsel was also able to conduct outreach interviews with various Class Members. *Id.* Class Counsel used this information to perform an extensive analysis of the case, including a comprehensive damages analysis. *Id.* The Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *Id.*

### vii.   Class Counsel are highly experienced.

Where counsel is well-qualified to represent the class and collective in settlement negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

In reaching this Settlement, Plaintiff's Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *See* Hogg Decl. at ¶¶ 5-7, 51-69. Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's timekeeping and compensation policies and practices. *Id.* at ¶ 68. Ultimately, the Parties used this information and

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 13

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

informal discovery to fairly resolve the litigation for $1,400,000. *Id.* at ¶ 69. Class Counsel believe that Britt has achieved a strong settlement for the Class in light of all the risks. *Id.*

**D.    The Service Awards and attorneys' fees and costs are reasonable.**

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In addition to the terms and details of the Settlement discussed herein, the Settlement also establishes Class Representative Service Payment of up to $7,500 to the Named Plaintiff. Likewise, in evaluating the Settlement, the Court must evaluate Plaintiff's request for attorneys' fees and costs pursuant to the terms of the Settlement. In their fee motion, Class Counsel request one-third of the Gross Settlement Amount, or $466,666.67, plus reimbursement of costs in the amount of up to $6,500.00. Plaintiff sets forth the arguments in support of these Service Awards, the attorneys' fees, and costs request in full in the accompanying Motion for Approval of Attorneys' Fees, Costs, and Service Award, including that no objections to the service award amounts, fees, or costs have been received from the Class Members. Plaintiff does not repeat those arguments here. The Court should grant final approval to the requested service awards, attorneys' fees, and out-of-pocket costs as reasonable.

**E.    The Court should grant final Class Certification for settlement purposes.**

In its August 23 Order granting preliminary approval and its November 4 Order Granting Joint Motion to Modify Preliminary Approval Order, the Court conditionally certified the Washington and FLSA classes. *See* Dkt. ##38 at 4 and 45. Now that notice has been effectuated and is nearly complete, the Court should finally certify the Class and Collective in its Final Approval Order and Judgment. For the reasons previously set forth in Plaintiff's Motion for Preliminary Approval, the Classes and Collective meet all of the requirements for final certification. *See* Dkt. # 36 at 14-19. Following issuance of notice and exclusion period, the Class still remain sufficiently numerous and over 700 individuals have opted into the FLSA Collective, Plaintiff's claims raise common issues of fact and law, Plaintiff's claims are still typical of the Class, Plaintiff and Class Counsel are still adequate to represent the interests of the Classes, and the FLSA and

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 14

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Rule 23(b)(3) requirements are likewise still met. *See* Hogg Decl. at ¶¶ 70-83. Class and collective treatment is efficient and warranted here, and the Court should grant final certification of the Classes and the Collective for settlement purposes.[5]

**6.    The Court should Approve the Proposed Schedule.**

Lastly, Plaintiff respectfully requests the Court approve the following implementation schedule under the Settlement:

| | |
|---|---|
| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
| Deadline for Defendant to deposit the Gross Settlement Amount with the Settlement Administrator | Within 15 business days after the Effective Date |
| Deadline for Defendant to deposit the amount of employer-side payroll taxes | Within 15 business days after the Effective Date or the date when the Settlement Administrator notifies Defendant of the final amount of Defendant's share of such payroll taxes, whichever is later |
| Deadline for ILYM Group to make payments under the Settlement to Participating Class Members, Opt-in Plaintiffs, Plaintiff, Class Counsel, and itself | Within 15 days after Defendant funds the Gross Settlement Amount |
| Deadline for ILYM Group to send a reminder notice to Participating Class Members and Opt-In Plaintiffs who have not cashed their Settlement Checks | 90 days after issuance of the settlement checks |
| Check-cashing deadline | 120 days after issuance of the settlement checks |
| Deadline for ILYM Group to send uncashed checks to the Washington State Department of Revenue Unclaimed Property Division | As soon as practicable after the check-cashing deadline |

---

[5]    Defendant reserves its rights to argue that class and collective treatment is improper should this Settlement not be finally approved.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 15

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

| Deadline for ILYM Group to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | Within 10 days after final disbursement of all funds from the Gross Settlement Amount |

**7.    Conclusion.**

For the foregoing reasons, Britt respectfully requests the Court grant final approval of the Settlement Agreement and enter the accompanying Final Approval Order and Judgment.


Date: January 13, 2025

/s/ William M. Hogg
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Michael C. Subit, WSBA # 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-6411
msubit@frankfreed.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 7746
Tel: (713) 877-8788
rburch@brucknerburch.com

William C. (Clif) Alexander (*Pro Hac Vice*)
Austin W. Anderson (*Pro Hac Vice*)
Carter T. Hastings (*Pro Hac Vice*)
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

*Counsel for Plaintiff, Class, and Collective Members*

MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 16

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum contains 6,529 words (exclusive of the case caption, tables of contents, table of authorities, signature blocks, and certificate of compliance), in compliance with the LCR(e)(3) because the relief sought in this motion includes final class certification.

/s/ William M. Hogg
William M. Hogg

### CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Counsel for Defendant regarding the content and relief sought in this Motion. Defendant does not oppose the Motion.

/s/ William M. Hogg
William M. Hogg

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 17

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100