The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JENNIFER BRITT, Individually and for Others Similarly Situated,

Plaintiff,

v.

CLALLAM COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a OLYMPIC MEDICAL CENTER, a Washington Municipal Corporation,

Defendant.

Case No. 3:23-cv-05377-MJP

**DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**

Hearing Date:   Jan. 24, 2025
Hearing Time:   10:00 a.m. PST

I, William M. Hogg, declare as follows:

1.   I am an attorney at law duly licensed and in good standing to practice law in the courts of California (State Bar No. 338196), Texas (State Bar No. 24087733), the Ninth Circuit Court of Appeals, and am admitted *pro hac vice* to practice law before this Court.

2.   I am a senior attorney at the law firm of Josephson Dunlap LLP ("JD"). JD specializes in class and collective litigation in state and federal courts.

3.   I am one of the lead counsel of record for Plaintiff Jennifer Britt, individually and on behalf of all others similarly situated ("Plaintiff"), in the above-captioned case. My firm has been named class counsel in this case. I submit this declaration in support of Plaintiff's Motion for Final Approval of Class and Collective Action Settlement. I am familiar with the file, the documents, and the history related to this case. The following statements are based on my personal

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 2

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

knowledge and review of the files. If called upon to do so, I could and would testify competently thereto.

4. The "Settlement Agreement" or "Settlement" refers to the Class and Collective Action Settlement Agreement, filed at Dkt. # 36-1, as well as the Addendum thereto, filed at Dkt. ## 42-1. The Notice of Class and Collective Action Settlement ("Class Notice"), and the FLSA Collective Consent Form (collectively, the "Class and Collective Notice Packet") are attached to the Settlement as Exhibits 2-3, respectively, filed at Dkt. ## 36-2, 36-3, and 42-1 at 51-61.

## Qualifications, Experience, and Expertise

5. JD is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions. Since its inception, Josephson Dunlap has been lead counsel and/or held positions of substantial responsibility on steering committees in class and collective actions concerning wage and hour violations against numerous Fortune 500 companies. All of Josephson Dunlap's attorneys are experienced trial lawyers, with active dockets in state and federal courts and arbitrations throughout the country. Josephson Dunlap LLP has represented plaintiffs in class actions, collective actions, or individual cases on more than 1,400 matters seeking damages for unpaid overtime and wages based on allegations that employees worked off the clock, were misclassified, or were victims of regular rate and/or technical violations of both state and federal wage laws.

6. I have actively participated as plaintiffs' counsel in many class/collective actions that have achieved significant and beneficial results for the class. For instance, I was counsel of record in a collective action on behalf of dancers who were found on summary judgment to be misclassified as contractors and were awarded $1.4 million in compensatory damages and liquidated damages under the FLSA. *See Schulke v. Isbaz Corp.*, No. H-20-2571, 2023 WL 02452 (S.D. Tex. Aug. 4, 2023). I was also counsel of record in a class and collective action on behalf of dancers who were found to be misclassified as contractors under the FLSA and Maryland wage-and-hour laws, and were awarded over $1.1 million in back wages, compensatory damages, and penalties. *Butler v. PP&G, Inc.*, No. 20-3084-JRR, 2023 WL 3580374 (D. Md. May 22, 2023). I was

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 3

Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

also counsel of record in a class and collective action lawsuit, *Etcheverry v. Franciscan Health Sys.*, No. 19-cv-05261-RJB-MAT (W.D. Wash.) that resulted in a settlement of $5,500,000 to resolve the wage-and-hour claims of approximately 8,000 class members and 1,275 opt-in plaintiffs under Washington State law and the FLSA. I was also counsel of record in a wage-and-hour lawsuit brought by exotic dancers against their club, *Jones v. SHAC, LLC*, No. 2:15-cv-01382-RFB-EJY (D. Nev.), which resulted in a $2,060,000 settlement on behalf of a class of more than 100 exotic dancers who claimed they were misclassified as independent contractors. The *Jones* case's favorable resolution was driven in large part by a summary judgment finding in the plaintiffs' favor on the merits of the underlying FLSA claims. *See Jones v. SHAC, LLC*, 2019 WL 4246681 (D. Nev. Sept. 6, 2019). I was also counsel of record in a class and collective action lawsuit, *Lytle v. Coquille Valley Hospital*, No. 6:19-cv-00722-AA (D. Or.), which resulted in a settlement of $1,150,000 to resolve the wage-and-hour claims of 88 class members under Oregon law and the FLSA alleging unpaid meal breaks and off-the-clock claims. I was also one of the counsel of record in a class action and California Private Attorney General Act ("PAGA") action, *Madrigal v. Mission Lakes Country Club, Inc.*, Case No. RIC2003428 (Superior Court, County of Riverside), which resulted in a settlement of $345,000 to resolve the wage-and-hour claims of approximately 60 workers alleging various violations of the California Labor Code. I was one of the primary attorneys of record in a collective action lawsuit, *Tollefson v. Bergaila & Associates, Inc.*, Case No. 7:21-cv-00171-RCG (W.D. Tex.), which resulted in a settlement of nearly $200,000 to resolve the FLSA claims of a group of 23 oil and gas workers claiming they were misclassified as exempt from overtime. I was one of the primary attorneys of record in a collective action lawsuit, *Sanchez v. S&P Data New Mexico, LLC*, et al., Case No. 1:20-cv-00979-KWR-GJF (D.N.M.) that resulted in a settlement of $325,000 to resolve off-the-clock and pre-shift claims of approximately 400 call center workers. I was also primary counsel in a FLSA collective action lawsuit brought by patient care workers alleging their healthcare employer failed to pay them overtime during unpaid meal periods which resulted in an approved $130,000 settlement for a group of 45 workers. *Flynn v. Colonial Mgmt. Grp., L.P.*, No. 1:23-cv-128-MIS-SCY, Dkt. 57 (D.N.M. Oct. 10, 2024). I was also lead counsel in a FLSA collective

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 4

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

action lawsuit brought by workers claiming they were misclassified as exempt by their staffing company, which resulted in an approved settlement of $150,000 for the 13 workers. *See Furman v. Zempleo, Inc.*, No. 23-cv-01777-AJB-DEB, Dkt. 32 (S.D. Cal. Dec. 9, 2024). I was also counsel of record in a collective action lawsuit brought by dialysis nurses who claimed they were not paid all overtime wages owed due to unpaid meal periods and improper time-rounding, which resulted in an approved settlement of $145,000 for 45 workers. *Pittman v. RPNT Acute Services, Inc.*, No. 6:23-cv-00348-JCM, Dkt. 46 (W.D. Tex. Aug. 15, 2024). I was also named class counsel in a class and collective action brought by home health care workers claiming they were not paid overtime wages, and instead were paid based on a flat daily rate of pay, which resulted in an approved class-wide settlement of $190,000 for 27 home health workers. *See Rogers v. USA Homecare Plus, LLC*, No. 1:23-cv-02635, Dkt. 70 (N.D. Ill. Dec. 23, 2024). Based on my experience and training, I possess the requisite skills to adequately represent my clients and to offer my professional opinions concerning the fairness of the proposed settlement, including the reasonableness of the attorneys' fees and costs to be paid pursuant to the settlement.

7. I have focused my practice on wage-and-hour litigation for the majority of my 11-year legal career. In my role as a senior attorney, I have supervised the work of other attorneys, paralegals, and support staff and have continued to work extensively in the labor and employment field.

## Case Summary & Procedural History

8. Defendant Clallam County Public Hospital District No. 2 d/b/a Olympic Medical Center ("Defendant") runs a hospital system that provides emergency services, medical and surgical care, wound care, and other medical services for inpatients and outpatients in the State of Washington.

9. In order to provide those medical services, Defendant employs non-exempt employees.

10. Plaintiff alleges that Class and Collective Members experience wage and hour violations in the course of their work with Defendant.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 5

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

11. In particular, Plaintiff alleges the Class and Collective Members cannot take timely, full, off-duty meal periods, during the course of their shifts and are instead required to remain on duty during their unpaid meal periods. Plaintiff also alleges the Class and Collective Members are subject to automatic time-rounding, which she alleges is non-neutral in application and results in Class and Collective Members not being paid for all hours worked.

12. Plaintiff alleges Defendant is liable for the violations at issue. Defendant has at all times denied, and continues to deny, all of these allegations, and denies any and all liability for Plaintiff's claims. Defendant further denies Plaintiff's allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes only.

13. As of the date of this declaration, 788 individuals have returned written consents to join the FLSA collective action portion of the settlement.

## Discovery

14. The Parties have engaged in extensive informal discovery.

15. Plaintiff's counsel has conducted extensive risk assessment with respect to liability, class/collective certification, and damages issues.

16. Through the informal discovery process, Plaintiff garnered substantial factual background regarding the alleged violations, which Plaintiff's counsel utilized to build their damage model in the case.

17. Defendant has produced material and key documents, including time records and payroll data points applicable to the Class members. Defendant also provided the total number of class members and a representative sampling for other relevant class-wide figures, including additional data points to enable counsel to conduct time-rounding analyses, assess potential liability scenarios and different damages scenarios, ahead of mediation, to enable Plaintiff's counsel to evaluate damages on a Class and Collective basis. This discovery was produced through informal discovery to facilitate mediation.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 6

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## Mediation and Settlement Discussions

18. Plaintiff and Defendant mediated this dispute on December 21, 2023 before Cliff Freed. Following the mediation, the Parties reached a settlement agreement in principle pending approval of Defendant's Board of Directors. On or about February 7, 2024, Defendant's Board of Directors approved the Settlement in principle.

19. Throughout the mediation process, the Parties engaged in serious and arm's-length negotiations, culminating in the settlement. After reaching a settlement agreement, counsel for the Parties worked to finalize the proposed long-form Settlement and corresponding notice documents, subject to the Court's approval. As the Settlement is complex, involving hybrid Rule 23 and FLSA claims, the drafting process was a lengthy endeavor.

20. After an initial draft was completed, numerous sets of subsequent edits were required to arrive at an agreement that was acceptable to all Parties and counsel, along with a separate drafting and revision process for the Class, Collective, and Notices/Opt-in Form.

21. The Settlement Agreement was finalized and agreed as to form on June 27, 2024, and was fully executed by all parties on June 28, 2024.

22. The Parties thereafter moved for preliminary approval of the settlement, which the Court granted.

23. On or around September 2024, the Parties recognized a discrepancy between the class definition as stated in the long-form settlement agreement and the number of potential class members. The parties worked together diligently in an effort to resolve the dispute, exchanged data, and engaged in further negotiations. Over the course of approximately 1.5 months, the parties negotiated and executed the Addendum to the Settlement Agreement, filed at Dkt. # 42-1, which re-defines the Class to appropriately address the class definition dispute. The Parties thereafter jointly moved to modify the preliminary approval order to reflect the modification reflected in the Addendum, which the Court granted on November 4, 2024.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 7

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**NOTICE OF SETTLEMENT, RESPONSE OF CLASS MEMBERS, AND OPT-IN PROCESS**

24. Following the Court's preliminary approval order, ILYM Group received the Class and Collective Data from Defendant, which contained the names, last known mailing addresses, last known personal email addresses (to the extent available), social security numbers, and total workweeks for the Class Members.

25. Following the Court's approval of the Parties' Addendum, on November 15, 2024, ILYM Group disseminated the Class and Collective Notice Packets via U.S. Mail to the 1,986 Class Members individuals for whom Defendant provided contact information.

26. ILYM Group calculated the settlement payments for every Class Member using the total earnings data provided by Defendant. The notices informed the Class Members of: the Settlement terms; their respective share for both the Class allocation and the FLSA allocation; the deadline to submit objections, Requests for Exclusion, FLSA Collective Consent Forms, and disputes; the final hearing date; the names and contact information for Class Counsel and Defendant's counsel; and that Plaintiff would seek attorneys' fees, costs, and the service award and the corresponding amounts.

27. As of January 6, 2025, out of ILYM Group notice packets mailed, 58 were returned to ILYM Group, 58 were traced using public records searches, 31 were re-mailed, and 3 notices were requested. Of the 1,986 notice packets mailed out, only 30 notice packets were undeliverable.

28. The deadline for Class Members to opt out, object, and dispute their reported total workweeks will expire on January 14, 2025. The deadline for Collective Members to opt-in also expires on January 14, 2025. To date, 788 Collective Members have opted-in to the FLSA portion of the Settlement. Plaintiff will submit a declaration from ILYM Group following the close of the notice and opt-in period.

29. To date, not a single objection has been filed and just three (3) Class Members out of 1,986 have requested exclusion from the Settlement. There have been no disputes as to the total earnings calculation from any Class Member.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 8

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

30. The individuals who submitted Requests for Exclusion from the class are Jesse Lynn Blake, Vicki M. Weber-Gronvall, and Nanette L. Mulholland.

31. Plaintiff will file a declaration from ILYM Group regarding notice administration in advance of the final approval hearing.

32. In addition to distributing the Class and Collective Notice Packet, ILYM Group is responsible for calculating individual settlement payments; calculating all applicable payroll taxes, withholdings and deductions; preparing and issuing all disbursements to be paid to Participating Class Members, the Class Representative, Class Counsel, and federal and local tax authorities; and handling inquiries and/or disputes from Class Members. ILYM Group is also responsible for timely preparation and filing of tax reporting.

33. Following final approval, ILYM Group will issue checks to the Class Members.

## Terms of the Settlement

34. Defendant has agreed to pay has agreed to pay a Gross Settlement Amount of $1,400,000 to settle all aspects of the case for Plaintiff, Class, and Collective members. The Net Settlement Amount, is defined as the Gross Settlement Amount less: any enhancement payment awarded to the Class Representative (up to $7,500 to Plaintiff Britt); the Settlement Administrator's fees and costs (not to exceed $15,000.00); and any attorneys' fees and costs awarded to Plaintiff's Counsel (requested fees up to one-third of the Gross Settlement Amount, or $466,666.67, plus costs not to exceed $6,500.00).

35. The Gross Settlement Amount is a negotiated amount that resulted from substantial arms'-length negotiations and significant investigation and analysis by Plaintiff's counsel. Plaintiff's counsel based their damages analysis and settlement negotiations on informal discovery, risk assessment, confidential interviews with putative class members, and years of experience in similar wage-and-hour class/collective action litigation.

36. Plaintiff's counsel determined the Class Members' rates of pay and dates of employment, which were then used in conjunction with amounts of unpaid time to determine

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 9

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

estimated damages for meal period deductions and time-rounding damages. Plaintiff's counsel then extrapolated these damages from the data provided by Defendant to apply to the overall Class based on a number of different scenarios (e.g., including probabilities of class/collective certification, probabilities of winning on the merits, and different outlooks based on variations in the class-wide assumptions for number of meal periods compensated and average time arrived at work).

37. Using these assumptions and further assuming that Plaintiff, Class, and Collective Members would certify all of their claims and prevail at trial, Plaintiff's counsel calculated total potential exposure if Plaintiff fully prevailed on all of their claims—exclusive of penalties claims, claims for liquidated damages from willful or bad faith conduct, and double damages—at approximately $10,925,243.34.

38. Plaintiff calculated that unpaid wages (exclusive of overtime) owed under Washington law, based on the assumption of 0.5 hours to account for an on-duty, unpaid 30-minute meal period work in each workday, would total approximately $10,644,075.08 for the, what we believed at the time to be, approximately 1,350 putative Class Members.

39. Plaintiff calculated that unpaid wages (exclusive of overtime) owed under Washington law, based on the assumption that only two 30-minute meal period were deemed missed and compensable per week, would total approximately $6,252,929.81 for the, what we believed at the time to be, approximately 1,350 putative Class Members.

40. Plaintiff calculated that unpaid wages (exclusive of overtime) owed under Washington law, based on the assumption that only one 30-minute meal period were deemed missed and compensable per week, would total approximately $3,126,464.91 for the, what we believed at the time to be, approximately 1,350 putative Class Members.

41. With respect to the time-rounding damages analyses, Plaintiff calculated the average time-rounding damages per class member per year (*i.e.*, time lost vs. time gained when comparing rounded time to precise clock-in and clock-out time records) to be $69.42 per year (or

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 10

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

$93,722.75 in total for the 1,350 class members over a one-year period). Over a three-year period, this average came to $208.27 per class member (or approximately $281,168.26 in total for the, what we believed at the time to be, 1,350 class members for the full three-year limitations period).

42. Because all of the potential FLSA collective members are completely subsumed within the putative Washington Class Members, any recovery from FLSA collective members would be identical with respect to the amount of overtime compensation they might be able to recover without a double-recovery.

43. Totaling the estimated damages for substantive violations under Washington law (and not including the FLSA damages, which would be subsumed within the Washington state law damages), as applicable, for the alleged meal period deductions and time-rounding violations, Plaintiff estimated the total substantive damages are approximately $10,925,000.

44. The negotiated Settlement Amount of $1,400,000.00 represents approximately 12.8146% of the estimated $10,925,000 (which was base on the information we had on hand at the time) that Plaintiff calculated for the overall substantive damages. Again, these figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial, Plaintiff would have had to prove that all Class Members experienced the violations at the levels described above for every shift and every assignment, and that Defendant acted knowingly.

45. Plaintiff and her counsel considered the significant risks of continued litigation, described hereinafter, when considering the proposed Settlement. These risks were front and center, particularly given the nature of the off-the-clock work and the number of facilities run by Defendant, which would invariable complicate certification efforts and proving the claims on the merits.

46. In contrast, the Settlement will result in immediate and certain payments to Class and Collective Members of meaningful amounts. The average recovery is approximately $486.17 per Class Member (and would increase to $671.36 per Class Member if each Class Member also opts-in to the FLSA component of the settlement. This estimation divides the estimated net

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 11

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

recovery by total number of Class Members. This amount provides significant compensation to the Class and Collective Members, and the Settlement provides an excellent recovery in the face of expanding an uncertain litigation. In light of all of the risks, the settlement amount is fair, reasonable, and adequate.

47. The data provided by Defendant was not in terms of class members, but was instead in terms of total workweeks worked by the class members. As such, the calculations and presumptions were based on average number of hours worked per shift and average number of shifts worked per week.

## Class and Collective Definition

48. An individual is eligible to share in the proposed Settlement if he or she belongs to any of the following:

- The "Class" means all current and former hourly, non-exempt employees employed by Defendant in Washington from April 27, 2020 through August 23, 2024 (the date of the Court's Preliminary Approval Order) with Threshold Earnings. "Threshold Earnings" means a proportionate settlement share of the Class Net Settlement Fund that would be equal to or greater than 0.0075% of the Class Net Settlement Fund.

- The "FLSA Collective" and "FLSA Collective Members" means Plaintiff and all current and former hourly, non-exempt employees employed by Defendant from April 27, 2020 through August 23, 2024 with Threshold Earnings, and who timely submitted the FLSA Collective Consent Form to join the collective action.

## Allocation and Awards

49. The Class Net Settlement Fund is expected to be approximately $904,333.33, plus the Reversion Return Amount of $72,500.00 ($976,833.33), assuming the Court approves the fees, costs, and service award as requested. The total Net Settlement Amount will ultimately be dependent on the Court's award of attorneys' fees, which under the Settlement Agreement will be an amount not to exceed $466,666.67 (one-third of the Gross Settlement Amount). For

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 12

Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

purposes of this Final Approval Motion, Plaintiff assumes an award of one-third of the Gross Settlement Amount, including Plaintiff's Counsel expenses of up to $6,500.00, the Settlement Administration expenses not to exceed $15,000.00, and a service award to Plaintiff Britt in the amount of $7,500. Of that Net Settlement Fund, $250,000.00 is apportioned into a separate FLSA Net Settlement Fund to provide compensation to those Class Members who opt-in to the FLSA collective action component of the settlement. In accordance with the Addendum, Defendant will fund a Reversion Return Amount of $72,500.00, first, from excess FLSA Net Settlement Fund amounts that revert back to Defendant under the terms of Paragraph III.D.4 of the Agreement. If, and only if, funds that revert back to Defendant under the terms of that paragraph (the "Reversion Amount") total less than the Reversion Return Amount, then Defendant shall contribute an amount equal to the difference between the Reversion Return Amount and the Reversion Amount to the Class Net Settlement Fund from funds that are not otherwise committed under the Agreement and are in addition to the Gross Settlement Amount. The remaining $726,833.33 of the Class Net Settlement Fund is apportioned to fund the settlement awards to be sent to the Class Members who do not exclude themselves from the settlement.

50. Each individual's share of the Class Net Settlement Fund and the FLSA Net Settlement Fund (if the individual is also an Opt-in Plaintiff) will be determined *pro rata* based on the total earnings within the relevant class period. To date, none of the Class Members have disputed their total earnings or anticipated settlement awards.

### THE COURT SHOULD GRANT FINAL SETTLEMENT APPROVAL

51. This Settlement was a product of non-collusive, arm's-length negotiations. The Parties participated in mediation with Cliff Freed, who is a skilled and experienced mediator, that consisted of a lengthy session and heated negotiations.

52. The Parties then spent several months continuing negotiations over the material terms, executing a long-form Settlement Agreement, with several rounds of revisions and

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 13

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

proposals related to the terms and details of the Settlement. The Parties then negotiated the terms of a detailed and favorable Addendum that adds monetary value to the Net Settlement Fund.

53. Plaintiff is represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members.

54. In addition, Plaintiff approves of the terms of the Settlement.

55. Plaintiff contends that she has strong wage and hour claims that are chiefly rooted in a centralized unpaid meal period policy for workers in the healthcare field. The existence of the common, underlying meal break policy, as well as the common time-rounding policy, strengthens Plaintiff's case at both the certification and merits phases. Outreach performed by Class Counsel confirms that the Class Members generally experience similar unpaid work during meal and rest periods, among other unpaid time.

56. Plaintiff continues to believe she has a very strong case but she is also pragmatic in her awareness of the risks inherent in this litigation, particularly where there are thousands of Class Members that worked in different roles, in different departments, under differing supervisors. Certification and a win on the merits is by no means guaranteed.

57. Recovery of the damages and penalties previously referenced would require complete certification and ultimate success on the merits as to all of Plaintiff's claims, a questionable feat in light of developments in wage and hour and class/collective action law, as well as the legal and factual grounds that Defendant has asserted to defend this action.

58. Off-the-clock claims are difficult to certify for class treatment, given the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker.

59. While Plaintiff is confident that she would establish that common policies and practices give rise to the off-the-clock work for the employees at issue here, Plaintiff acknowledged

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 14

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

that such off-the-clock work was performed at different departments, each with its own supervisors and management staff.

60. With those considerations in mind, Plaintiff recognized that obtaining class certification would present an obstacle, with the risk that the employees might only be able to pursue individual actions in the event certification were denied. Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face motions for decertification as the case progressed.

61. The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation.

62. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if the Settlement Agreement were not approved), Class Counsel estimates that fees and costs would exceed $5,250,000. Litigating the class and collective action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports.

63. In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and substantial recovery for the Class Members. Such as result will benefit the Parties and the court system. It will bring finality to extensive litigation and will foreclose the possibility of expanding litigation.

64. A review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. The Gross Settlement Amount of $1,400,000, which represents approximately 13% of the estimated $10,925,243.34 best-day-at-trial damages that Plaintiff calculated for the core unpaid wages claims exclusive of liquidated damages.

65. Again, these figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial(s), Plaintiff would have had to prove that each Class Member

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 15

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

worked off-the-clock for 30 minutes in each workday, that Defendant's time-rounding practices were non-neutral in application, and that Defendant acted knowingly or in bad faith. These figures would of course be disputed and hotly contested. The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation.

66. The final settlement amount takes into account the substantial risks inherent in any class action wage-and-hour case, as well as the procedural posture of the Action and the specific defenses asserted by Defendant.

67. The Parties engaged in extensive informal discovery, discussions about the law and merits of the claims, and Plaintiff's Counsel engaged in valuable class outreach, all of which have enabled both sides to assess the claims and potential defenses in this action. Class counsel used this information to perform an extensive analysis of the case, including a comprehensive damages analysis. The Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial.

68. In reaching this Settlement, Plaintiff's Counsel relied on their substantial litigation experience in similar wage-and-hour class and collective actions. Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay.

69. Ultimately, the Parties used this information and discovery to fairly resolve the litigation for $1,400,000. Class Counsel believe that Plaintiff has achieved a strong settlement for the Class in light of all the risks.

### The Court Should Finally Certify the Class

70. In its August 23, 2024 Preliminary Approval Order, the Court granted certification of the provisional Washington Class pursuant to Rule 23(a) and (b)(3). Now that notice has been effectuated and is nearly complete, the Court should finally certify the Class in its Final Approval

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 16

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Order and Judgment. The Class meets all of the requirements for final approval as set previously set forth in Plaintiff's Motion for Preliminary Approval, and as set forth below.

71. The class members here satisfy numerosity under Rule 23(a)(1). There are more than 1,900 Class Members in Washington, who have been identified and issued notice, easily satisfying numerosity and ascertainability.

72. Plaintiff contends that common questions of law and fact predominate here, satisfying sections (a)(2) and (b)(3) of Rule 23, as alleged in the operative complaint.

73. Defendant has uniform policies applicable to the Class Members. Specifically, Plaintiff alleges the Class Members are all hourly employees and the alleged wage-and-hour violations are in large measure borne of Defendant's standardized policies, practices, and procedures that impact these workers in the same ways, creative pervasive issues of fact and law that are amenable to resolution on a class-wide basis. In particular, Class Members are largely subject to the same: hiring and training process; timekeeping, payroll, and compensation policies; meal and rest period policies (namely, the auto-deduct policy); and time-rounding policies and practices. Because these questions can be resolved at the same juncture, Plaintiff contends the commonality requirement is satisfied for the Class.

74. Plaintiff contends her claims are typical of those of the other Class Members. The Class members were subject to the alleged illegal policies and practices that form the basis of the claims asserted by Plaintiff in this case. Interviews with Class Members and review of data provided by Defendant in informal discovery confirm that these non-exempt employees were subjected to the same allegedly illegal policies and practices to which Plaintiff alleges she was subjected. Thus, Plaintiff contends the typicality requirement is also satisfied.

75. Plaintiff's claims are in line with the claims of the Class, and Plaintiff's claims are not antagonistic to the claims of the Class Members. Plaintiff has prosecuted this case with the interests of the Class Members in mind.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 17

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

76. Moreover, Class Counsel have extensive experience in class action and employment litigation, including wage and hour class actions, and does not have any conflict with the Class.

77. Plaintiff contends the common questions raised in this action predominate over any individualized questions concerning the Class. The Class is cohesive because resolution of Plaintiff's claims hinge on the uniform policies and practices of Defendant, rather than the treatment the Class Members experienced on an individual level. As a result, Plaintiff contends the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Defendant's uniform policies, timekeeping, and payroll records, and would not require inquiries specific to individual Class Members.

78. Further, Plaintiff contends the class action mechanism is a superior method of adjudication compared to a multitude of individual suits.

79. The Class Members do not have a strong interest in controlling their individual claims. The Action involves thousands of workers with very similar, but relatively small, claims for monetary injury. If the Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding.

80. Thus, Plaintiff contends the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation.

81. The issues raised by the present case are much better handled collectively by way of a settlement.

82. The Settlement presented by the Parties provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases.

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 18

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

83. Accordingly, class treatment is efficient and warranted, and the Court should certify the Class for settlement purposes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2025.

                                */s/ William M. Hogg*
                                William M. Hogg

DECLARATION OF WILLIAM M. HOGG IN SUPPORT OF MOTION FOR FINAL APPROVAL – Page 19

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100